## In re FRANK Kent MOTOR COMPANY d/b/a Frank Kent Cadillac.

### No. 10–0687.

Supreme Court of Texas.

Argued Nov. 9, 2011.

Decided March 9, 2012.

Robert Ruotolo, Christopher M. Albert, Busch Ruotolo & Simpson, L.L.P., Dallas, TX, for Frank Kent Motor Co.

E. David Fielding, Timothy G. Chovanec, Fielding Parker & Hallmon, L.L.P., Fort Worth, TX, for Steven N. Valdez.

Justice LEHRMANN delivered the opinion of the Court.

In this original proceeding, we are asked to grant mandamus relief to enforce a jury waiver agreement between an employer and an at-will employee. The employee signed the conspicuous jury waiver clause after being told that he would lose his job if he refused. Nevertheless, when the employee was later terminated, he demanded a jury trial. The trial court denied the employer's motion to strike the jury demand and did not enforce the contractual jury waiver. The court of appeals also denied relief. 360 S.W.3d 525 (Tex.App.–Fort Worth 2010). We conclude that because an employer has the legal right to terminate an at-will employee, a threat to exercise that right cannot amount to coercion that would invalidate a jury waiver agreement. Therefore, we conditionally grant relief.

## I. FACTUAL AND PROCEDURAL HISTORY

Steven Valdez, real party in interest, had been an at-will employee at Frank Kent Motor Company, doing business as Frank Kent Cadillac ("Frank Kent"), for over twenty-eight years. On April 4, 2008, Valdez signed the Frank Kent Motor Company Employee Handbook Acknowledgment & Mutual Waiver of Jury Trial ("Jury Trial Waiver"). He had previously been approached about signing the Jury Trial Waiver, but had not signed. However, Valdez immediately signed the Jury Trial Waiver when his supervisor warned him that he would lose his job if he failed to do so. The Jury Trial Waiver contained the following waiver provision:

I agree that with respect to any dispute between [Frank Kent] and me to resolve any disputes between us arising out of or in any way related to the employment relationship (including, but not limited to, employment and discontinuation of employment) before a judge without a jury. *[FRANK KENT] AND EACH EMPLOYEE THAT SIGNS THIS ACKNOWLEDGMENT, RECEIVES A COPY OF THIS HANDBOOK, HAS KNOWLEDGE OF THIS POLICY, AND CONTINUES TO WORK FOR [FRANK KENT] THEREAFTER, HEREBY WAIVES THEIR RIGHT TO TRIAL BY JURY AND AGREE TO HAVE ANY DISPUTES ARISING BETWEEN THEM RESOLVED BY A JUDGE OF A COMPETENT COURT SITTING WITHOUT A JURY.*

(Emphasis in original).

Almost a year later, Valdez was terminated from his employment with Frank Kent. He sued, alleging age discrimination, and made a jury demand. Frank Kent filed a motion to strike Valdez's jury demand, arguing that Valdez had waived his right to a jury trial by signing the Jury Trial Waiver. Valdez responded by saying that the Jury Trial Waiver "was not signed under circumstances which were 'knowing, voluntary and intelligent' and cannot be enforced." Valdez reached this conclusion by applying the factors listed in *Mikey's Houses LLC v. Bank of America, N.A.*, 232 S.W.3d 145, 153 (Tex.App.-Fort Worth 2007, no pet.), *mand. granted, In re Bank of America, N.A.*, 278 S.W.3d 342 (Tex. 2009) (orig.proceeding). Valdez attached an affidavit in which he claimed that he did not want to sign the Jury Trial Waiver, but did so to avoid losing his job of over

twenty-eight years. The affidavit sets out the following facts:

(1) Valdez lacked education or experience in negotiating employment contracts.

(2) On April 4, 2008, a supervisor approached Valdez while he was working and asked about his failure to sign the Jury Trial Waiver he had previously been given. When Valdez said he did not wish to sign the document, the supervisor responded by saying he would no longer have a job if he did not sign.

(3) Valdez signed the Jury Trial Waiver that day without any negotiation because of what the supervisor had told him. Valdez knew he did not like the language of the Jury Trial Waiver and did not want to sign it, but did not want to lose his job. He believed that if he asked for time to hire a lawyer to analyze and negotiate the document, he would be fired.

(4) Valdez did not hire a lawyer to analyze the Jury Trial Waiver and believed that Frank Kent was unwilling to make changes in the document.

The trial court denied Frank Kent's motion to strike jury demand. The court of appeals denied mandamus relief in a brief memorandum opinion. 360 S.W.3d 525.[1]

## II. STANDARD OF REVIEW

■ Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig.proceeding). "A trial court has no discretion in applying the law to the facts or deter-

---

1. However, when faced with an identical situation involving a different employee, the court of appeals granted mandamus relief. *See In* *re Frank Kent Motor Co.*, 336 S.W.3d 374 (Tex.App.-Fort Worth 2011, orig. proceeding).

mining what the law is." *Id.* at 135 (citations omitted). Mandamus review is appropriate and necessary to determine whether a pre-suit jury waiver is enforceable. *Id.* at 138.

### III. DISCUSSION

 Frank Kent asserts that the trial court clearly abused its discretion by failing to enforce the Jury Trial Waiver and denying Frank Kent's motion to strike the jury demand. Frank Kent argues that the Jury Trial Waiver is enforceable since Valdez failed to allege coercion in such a way as to invalidate the Jury Trial Waiver. Valdez responds by arguing that uncontroverted facts in his affidavit show Frank Kent coerced him into signing by threatening to terminate his employment. While we agree that a jury waiver agreement that is coerced is invalid, *see Prudential,* 148 S.W.3d at 132, we disagree that Frank Kent's threat to exercise a legal right amounts to coercion that would invalidate the Jury Trial Waiver, and conditionally grant mandamus relief. We hold that Valdez did not allege coercion in such a way that would invalidate the Jury Trial Waiver since an at-will employer's threat to exercise its legal right to terminate an employee cannot amount to coercion that invalidates a jury waiver agreement.

### A. Coercion and At–Will Employment

 Valdez argues that the trial court did not abuse its discretion in granting him a jury trial because he was coerced into signing the Jury Trial Waiver and waiving his right to a jury trial by his supervisor's threat of termination. We disagree. As we explain below, an employer does not coerce an at-will employee by demanding that the employee accept new dispute resolution procedures.

It is well established that the at-will employment relationship is governed by specific rules. *See Tex. Farm Bureau Mut. Ins. Cos. v. Sears,* 84 S.W.3d 604, 608 (Tex.2002) (explaining that in an at-will employment relationship, "either party may terminate the employment relationship for any reason or no reason at all"); *Hathaway v. Gen. Mills, Inc.,* 711 S.W.2d 227, 229 (Tex.1986) ("[W]hen the employer notifies an employee of changes in employment terms, the employee must accept the new terms or quit.").

In *In re Halliburton Co.,* this Court held that it was not procedurally unconscionable to premise continued employment on acceptance of an arbitration plan. 80 S.W.3d 566, 572 (Tex.2002) (orig.proceeding). Halliburton sent notice to its employees that it was adopting a new dispute resolution program and informed them that continued employment would constitute acceptance of the new plan. *Id.* at 568. An employee continued to work for Halliburton and sued when he was demoted. *Id.* In holding that the arbitration agreement was not procedurally unconscionable despite the disparity in bargaining power and the employee's inability to negotiate its terms, we reasoned that "[b]ecause an employer has a general right under Texas law to discharge an at-will employee, it cannot be unconscionable, without more, merely to premise continued employment on acceptance of new or additional employment terms." *Id.* at 572; *see also Carter v. Countrywide Credit Indus., Inc.,* 362 F.3d 294, 301 (5th Cir.2004) (citing *Halliburton* and rejecting the argument that an arbitration agreement was procedurally unconscionable because the employer used its "superior bargaining position to coerce potential employees").

Valdez argues that the analysis in *Halliburton* does not apply because arbitration is legislatively and judicially favored. *See In re Poly–America, L.P.,* 262 S.W.3d 337, 348 (Tex.2008) (orig.proceeding) ("Texas

law has historically favored agreements to resolve [employment] disputes by arbitration."); *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 782 (Tex.2006) (orig.proceeding) (noting a "strong presumption favoring arbitration"). Valdez contends that there is no corresponding policy for waivers of jury trial. We disagree. There is no reason to treat the effect of the at-will employment relationship on a waiver of jury trial differently from its effect on an arbitration agreement. *See In re Bank of Am.*, 278 S.W.3d at 344 ("[O]ur jurisprudence 'should be the same for all similar dispute resolution agreements.'" (quoting *Prudential*, 148 S.W.3d at 134)). Arbitration removes the case from the court system almost altogether, and is every bit as much of a surrender of the right to a jury trial as a contractual jury waiver. Additionally, refusing to allow the enforcement of jury trial waivers in the context of the at-will employment relationship would create a practical problem. Since employers can fire at-will employees for almost any reason, employers could resort to firing all employees when they wanted to implement new dispute resolution procedures and re-hiring only those employees who signed the waiver. Applying the analysis in *Halliburton* to jury trial waivers will discourage such unnecessary firings.

■ An employer's threat to exercise its legal right cannot amount to coercion that invalidates a contract. While the facts set out in Valdez's affidavit may be true, they do not amount to legal coercion since Frank Kent had the legal right to fire Valdez for almost any reason, including his failure to sign the Jury Trial Waiver. The facts presented in the affidavit do not support Valdez's argument that Frank Kent's threat to terminate him invalidates his waiver of the right to a jury trial. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (holding that an employment discrimination claim was subject to arbitration despite inequality in bargaining power); *Carter*, 362 F.3d at 301 (rejecting the argument that potential employees were coerced into signing an arbitration agreement because they feared they would not be hired if they refused); *In re D.E.H.*, 301 S.W.3d 825, 828 (Tex.App.-Fort Worth 2009, pet. denied) ("Coercion occurs if someone is compelled to perform an act by force or threat."); *Smith v. H.E. Butt Grocery Co.*, 18 S.W.3d 910, 912 (Tex. App.-Beaumont 2000, pet. denied) (rejecting the argument that an arbitration provision is unconscionable because the parties did not negotiate its terms); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 837 (Tex. App.-Houston [1st Dist.] 1999, no pet.) (listing the elements of economic duress or business coercion as (1) a threat of an act that the actor had no legal right to do; (2) a threat of such a nature it destroys the other party's free agency; (3) a threat that overcomes the other party's free will and causes it to do what it otherwise would not have done and that it was not legally bound to do; (4) imminent restraint; and (5) no means of protection). Since an employer has the legal right to fire an employee for almost any reason, threatening to fire an employee who does not accept new employment terms is not coercion that will invalidate a contract.

## IV. CONCLUSION

We hold that Valdez did not allege coercion that invalidates the Jury Trial Waiver. Since an employer's threat to exercise its legal right to terminate an at-will employee cannot amount to coercion that would invalidate a jury waiver agreement, we conditionally grant mandamus relief directing the trial court (1) to vacate the August 6, 2010 order and (2) to grant Frank Kent's motion to strike Valdez's

jury demand. A writ will issue only if the trial court fails to comply.