

## NUMBER 13-13-00550-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE WILLACY COUNTY APPRAISAL DISTRICT

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes and Longoria**
**Memorandum Opinion by Justice Benavides**

By petition for writ of mandamus, Willacy County Appraisal District (the District) seeks to compel the trial court to vacate its discovery orders denying the District's motion to compel and granting Sebastian Cotton & Grain, Ltd.'s (Sebastian) motion to quash the District's deposition notice. For the reasons stated below, we conditionally grant the petition for writ of mandamus.[1]

---

[1] When granting relief, the court must hand down an opinion as in any other case. TEX. R. APP. P. 52.8.

## I. BACKGROUND

This is a discovery dispute arising out of a property tax case. On January 27, 2010, Sebastian, by and through its agent, Jerry Wayne Jurica, filed a motion to correct ownership of certain grain inventory labeled as property identification number 32875 for the 2009 tax year. *See* TEX. TAX CODE ANN. §§ 1.111(a) (West Supp. 2011) (authorizing a property owner to designate another to act as its agent for purposes under the tax code); 25.25(c) (West Supp. 2011) (granting authority to a property owner to file a motion to correct appraisal rolls for any of the five preceding years related to: clerical errors which affect the owner's liability; multiple appraisals; inclusion of property that does not exist in the form or at the location described in the appraisal roll; or an error in which property is shown as owned by a person who did not own the property on January 1 of that tax year).

After filing this motion to correct, Sebastian and the District's chief appraiser reached an agreement on the motion that the District would make the changes as set forth in Sebastian's motion and there would be no need for a hearing before the Willacy County Appraisal Review Board (ARB). Following this agreement, the District reduced the appraised value as agreed and Sebastian received a refund of overpaid taxes.

On September 20, 2011, the District's chief appraiser sent written correspondence to Sebastian to notify it that the District changed the ownership of the subject property to reflect that it was owned by Sebastian as of January 1, 2009 pursuant to tax code section 25.25(b). *See id.* § 25.25(b) (West Supp. 2011). The notice also apprised Sebastian of its right to protest the chief appraiser's actions to the

2

ARB. Sebastian protested the chief appraiser's determination on grounds that the District was legally prohibited from changing the ownership of the property under section 25.25(b). *See id.* The ARB denied Sebastian's protest, and Sebastian appealed the ARB's order to the trial court. *See id.* § 42.01 (West Supp. 2011) (authorizing property owner appeals of orders by appraisal review boards).

In its petition for judicial review of the ARB's order, Sebastian asserted that the 2010 agreement reached between Sebastian and the chief appraiser is final and cannot be reviewed or rejected by appraisal review boards pursuant to section 1.111(e) of the tax code. *See id.* § 1.111(e) (West Supp. 2011). Sebastian further contended that the District's actions were unauthorized and prohibited under section 25.25(b) because it increased Sebastian's tax liability on the subject property. *See id.* § 25.25(b). In its prayer, Sebastian asked the trial court, among other things, to declare the District's September 20, 2011 notice, as well as the ARB's final order, null and void.

The District filed an answer and denial, in which it pleads, *inter alia*, that its actions were authorized under the tax code. The District further asserted an affirmative defense of fraud and/or misrepresentation regarding Sebastian's January 27, 2010 motion to correct ownership. The District argued in its pleading that Sebastian "should have no benefit of any agreement which it obtained through fraud and/or misrepresentation." The District propounded interrogatories and requests for production to Sebastian, to which Sebastian objected and did not respond.

On August 2, 2013, the District filed a motion to compel Sebastian to respond to the District's written discovery. On August 6, 2013, the District sent Sebastian notice of

its intention to take the oral deposition of a representative from Sebastian. On August 8, 2013, Sebastian filed a motion to quash the District's deposition notice. The trial court held a hearing on August 21, 2013 and after hearing arguments, denied the District's motion to compel and granted Sebastian's motion to quash.[2] This original proceeding ensued. By one issue, the District contends that the trial court abused its discretion by denying its motion to compel and granting Sebastian's motion to quash. The Court requested and received a response to the petition for writ of mandamus from Sebastian. The District also filed a reply to Sebastian's response.

## II.    STANDARD OF MANDAMUS REVIEW

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Motor Co.*, 361 S.W.3d 628, 630–31 (Tex. 2012) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court has no discretion in applying the law to the facts or determining what the law is." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135. We assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re State*, 355 S.W.3d 611, 614–16 (Tex. 2011) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In performing this balancing, we look at a number of factors including whether mandamus review "will spare litigants and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings."

---

[2] At the hearing, Sebastian referred to a prior case from this Court, *Cameron Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, Cause No. 13-12-00599-CV, 2013 WL 4033866, ___ S.W.3d ___ (Tex. App.—Corpus Christi Aug. 8, 2013). In making its ruling, the trial court found that case "very compelling" and potentially "dispositive" on the issues before it.

4

*In re State*, 355 S.W.3d at 615 (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.,* 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d at 888; *Walker*, 827 S.W.2d at 840. The second requirement for mandamus relief, that the relator has no adequate remedy by appeal, "has no comprehensive definition." *See In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.,* 148 S.W.3d at 136).

The scope of discovery is generally within the trial court's discretion. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995). Parties may seek discovery "regarding any matter that is not privileged and is relevant to the subject matter of the pending action . . . ." TEX. R. CIV. P. 192.3(a). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. TEX. R. EVID. 401. The rules governing discovery do not require that the information sought be admissible evidence; it is enough that the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 192.3(a).

"[A] denial of discovery going to the heart of a party's case may render the appellate remedy inadequate." *In re Texas A&M—Corpus Christi Found., Inc.*, 84 S.W.3d 358, 360 (Tex. App.—Corpus Christi 2002) (orig. proceeding) (citing *Walker v.*

5

*Packer*, 827 S.W.2d 833, 843 (Tex. 1992)). An appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error. *Walker*, 827 S.W.2d at 843. The relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources. *Id.*

### III.   ANALYSIS

In the underlying action, the District asserts an affirmative defense of fraud to make the 2010 agreement reached between the two parties voidable. Due to this alleged fraud, the District claims that it was allowed pursuant to section 25.25(b) of the tax code to correct the appraisal roll "where a property owner knowingly provides false information to the appraisal district regarding their property appraisal." The pertinent discovery sought by the District includes: (1) a set of interrogatories inquiring into Sebastian's ownership interest in the disputed property; and (2) a request for production of documentary evidence that supports Sebastian's claim that it did not own the disputed property. Additionally, the District noticed the deposition of Sebastian's designated representative. At its core, the District argues that the discovery sought "goes to the crucial elements of fraud" in order to establish its viable affirmative defense to Sebastian's lawsuit.

Apart from this core argument, however, both parties attempt to argue an issue that is not before us. First, the District argues that its petition for writ of mandamus would fail "only if this [C]ourt finds the chief appraiser lacks authority to correct the appraisal roll under [section] 25.25(b) even where it is proved that the prior agreement

6

was obtained through fraud." On the other side, Sebastian argues that the District is precluded from attacking, or seeking review, of the parties' section 1.111(e) agreement on any grounds, and in the alternative, if the District is capable of attacking or seeking such review, section 25.25(b) is not the appropriate remedy to correct purported fraud. We decline both the District's and Sebastian's respective invitations to address these issues because to do so would exceed our currently limited review.

Instead, the central issue in this case is whether the District met its burden to establish its entitlement to mandamus relief. We conclude that it has. To prevail on a petition for writ of mandamus, a party must show a clear abuse of discretion and that there is no adequate remedy by appeal. *See In re Frank Motor Co.*, 361 S.W.3d at 630–31. A trial court abuses its discretion when it denies discovery going to the heart of a party's case or when that denial severely compromises a party's ability to present a viable defense. *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009). In this context, "viable" means that it is "capable of succeeding." BLACK'S LAW DICTIONARY (9th ed. 2009). Generally, the affirmative defense of fraud is a valid ground to avoid an agreement. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 331–32 (Tex. 2011). We are not directed to, nor do we find any authority, that expresses an opinion on whether the defense of fraud may be used in the context of the present controversy under the tax code. Also, the validity of an agreement may not be determined "without proper pleadings and full resolution of the surrounding facts and circumstances." *See generally Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983). At this stage in the proceedings, we again express no opinion—

7

as the parties implicitly invite us to do—regarding the merits, ultimate success, or applicability of such an affirmative defense. These considerations relate to the factual and procedural postures of the case. Instead, we determine solely whether such a defense is merely *capable* of succeeding, and in light of the foregoing, we conclude that such a defense in this case is viable. To rule otherwise would be premature, advisory, and not necessary to the final disposition of this original proceeding. *See* TEX. R. APP. P. 47.1. Accordingly, we conclude that the trial court abused its discretion by denying the District's requested discovery to develop this affirmative defense and granting Sebastian's motion to quash. *See Ford Motor Co.*, 279 S.W.3d at 663.

Finally, we conclude that the District met its burden that there is no adequate remedy on appeal because the District's ability to present its defense is severely compromised by the trial court's denial of its motion to compel and granting of Sebastian's motion to quash the deposition of its representative. *See Walker*, 827 S.W.2d at 843.

## IV.    MOTION TO STAY SUMMARY JUDGMENT

On September 18, 2013, Sebastian filed a motion for summary judgment, with a hearing set for November 7, 2013. On October 28, 2013, the District filed a motion to stay proceedings until this Court issues a ruling on its pending petition for writ of mandamus. In light of our ruling today that conditionally grants the District's petition for writ of mandamus, we hereby dismiss the District's motion to stay as moot.

8

## V.     CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the reply, is of the opinion that the District met its burden to obtain mandamus relief.  *See id.*  We CONDITIONALLY GRANT the District's petition for writ of mandamus.  We are confident that the trial court will withdraw its order.  The writ will issue only if the trial court fails to comply with this memorandum opinion.

_____

GINA M. BENAVIDES,
Justice

Delivered and filed the
1st day of November, 2013.

9