

# NUMBER 13-15-00209-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ONE GAS, INC. D/B/A TEXAS GAS SERVICE CO.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion Per Curiam[1]

Relator, One Gas, Inc. d/b/a/ Texas Gas Service Co., filed a petition for writ of mandamus and an emergency motion to stay in the above cause on April 29, 2015. Through this original proceeding, relator seeks to vacate an order granting a temporary injunction which requires relator to, inter alia, remove a gas pipeline from realty before October 15, 2015.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court committed a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Frank Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding); *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)*; Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *Id.*; *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d at 888; *Walker*, 827 S.W.2d at 840. The second requirement for mandamus relief, that the relator has no adequate remedy by appeal, "has no comprehensive definition" and is decided on a case-by-case basis. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real party in interest, MVP Properties, LLC, relator's reply, and the applicable law, is of the opinion that relator has not met its burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, we LIFT the stay previously imposed by this Court and we DENY the petition for writ of mandamus.

*See* TEX. R. APP. P. 52.8(a).  MVP's "Motion to Reconsider, Vacate, and/or Modify Order

Granting Emergency Stay" is DISMISSED as moot.

PER CURIAM

Delivered and filed the
22nd day of May, 2015.