

# NUMBER 13-15-00238-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GEORGE SIMO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion Per Curiam[1]

Relator, George Simo, filed a petition for writ of mandamus in the above cause on May 22, 2015. Through this original proceeding, relator seeks to compel the trial court to: (1) vacate a September 11, 2014 order excluding evidence; (2) vacate an April 22, 2015 order granting partial summary judgment; and (3) grant relator's plea to the jurisdiction.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court committed a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Frank Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding); *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)*; Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *Id.*; *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d at 888; *Walker*, 827 S.W.2d at 840. The second requirement for mandamus relief, that the relator has no adequate remedy by appeal, "has no comprehensive definition" and is decided on a case-by-case basis. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
26th day of May, 2015.

2