# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00484-CV

**In re Dee Hobbs**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

This original proceeding arises from a petition for the removal of Williamson County District Attorney Jana Duty filed in the trial court by two citizens of the county under chapter 87 of the Texas Local Government Code. *See* Tex. Loc. Gov't Code § 87.015(b) ("Any resident of this state who has lived for at least six months in the county in which the petition is to be filed and who is not currently under indictment in the county may file the petition."). The Local Government Code requires the trial court to decide whether to issue a citation ordering the officer named in the petition to appear and answer the suit. *See id.* § 87.016. The statute also provides that "action may not be taken on the petition" until the trial court orders citation. *See id.* § 87.016(b). If the trial court decides not to issue citation, its decision is final and unappealable. *See id.* § 87.016(c).

On July 19, 2016, the trial court held a hearing on the petition, which was attended by attorneys representing District Attorney Duty and the petitioners. Representatives of County Attorney Dee Hobbs were also present but explained that they were "interested observers only" and were "not parties to the suit at this time." At the conclusion of the hearing, the trial court announced from the bench that it was abating the case "until the county attorney of Williamson County joins

this suit." The court further announced that it would hold an additional hearing on July 26, 2016, and stated that "hopefully the county attorney will make an appearance" at that hearing.

County Attorney Hobbs then filed a "Petition for Writ of Mandamus and for Writ of Prohibition" in this Court, along with a "Motion for Temporary Relief." In his petition, County Attorney Hobbs argues that the trial court "clearly erred" by "taking action on the removal petition before issuing citation." *See id.* § 87.016(b) ("If the application for the order is made during the term of the court, action may not be taken on the petition until the order is granted and entered in the minutes of the court."). According to County Attorney Hobbs, the trial court took "action" by abating the proceedings and by "requiring" him to attend the July 26 hearing. The petition asks this Court to issue writs directing the trial court not to require County Attorney Hobbs to participate in the July 26 hearing, to withdraw its "abatement order," to "refrain from taking action on the petition before citation is issued," and to perform its "duty to determine whether or not to issue citation" without requiring the county attorney to appear. County Attorney Hobbs further requests that this Court order a temporary stay of the trial-court proceedings until these issues are resolved.

However, the record before us does not contain any written orders from the trial court. Moreover, to the extent that the trial court's oral announcement at the July 19 hearing that it would abate the proceedings constitutes an "order" subject to our writ authority, County Attorney Hobbs has admitted that he is not a party to the suit, and he has not explained how, as a non-party, he has standing to challenge the trial court's abatement order. Finally, although County Attorney Hobbs complains that the trial court has required him to appear at the July 26 hearing, the record before us does not contain either a written or oral order to that effect. Instead, in the transcript of the July 19

2

hearing, the trial court merely stated, "We're going to recess. And hopefully the county attorney will make an appearance on July 26th at 1:30." Therefore, County Attorney Hobbs has not shown that the trial court has taken action on the removal petition before issuing citation in violation of chapter 87 of the Local Government Code or that he is otherwise entitled to the relief sought.

We conclude that the record before us does not establish that the trial court abused its discretion. *See In re Frank Kent Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding) ("Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal."). Accordingly, we deny the "Petition for Writ of Mandamus and for Writ of Prohibition" and the "Motion for Temporary Relief." *See* Tex. R. App. P. 52.8(a).

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Puryear and Field

Filed: July 22, 2016

3