

# NUMBER 13-18-00551-CV

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MOBILE MINI, INC.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

## Before Justices Rodriguez, Contreras, and Benavides
## Memorandum Opinion by Justice Benavides[1]

Relator Mobile Mini, Inc. (Mobile Mini) filed a petition for writ of mandamus in the above cause on October 2, 2018. Through this original proceeding, Mobile Mini seeks to compel the trial court to vacate its July 16, 2018 order denying Mobile Mini leave to designate Nolana Self Storage, LLC (Nolana) as a responsible third party and to enter an order permitting Mobile Mini to designate Nolana as a responsible third party. *See*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*generally* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West, Westlaw through 2017 1st C.S.).

Mandamus is an "extraordinary remedy, not issued as a matter of right, but at the discretion of the court." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). "Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal." *In re Frank Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding); *see In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co.*, 148 S.W.3d at 135–36.

The Texas Supreme Court has held that mandamus may be appropriate to review an order denying a defendant's motion to designate a responsible third party. *In re Coppola*, 535 S.W.3d 506, 507–09 (Tex. 2017) (orig. proceeding) (per curiam); *see also In re Dawson*, 550 S.W.3d 625, 627 (Tex. 2018) (orig. proceeding) (per curiam) (allowing mandamus review of an erroneous order granting a defendant's motion for leave to designate a responsible third party). This is because allowing a case to proceed to trial despite the erroneous denial of a responsible-third-party designation would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of the relator's defense in ways unlikely to be apparent in the appellate record. *In re Coppola*, 535 S.W.3d at 509. Accordingly, the relator need only establish that the trial court abused its discretion in denying a timely filed motion to designate a

2

responsible third party to demonstrate entitlement to mandamus relief.  *Id.* at 510; *see In re Dawson*, 550 S.W.3d at 630.

The Court, having examined and fully considered the petition for writ of mandamus, the applicable law, and the responses to the petition filed by real parties in interest, Luis Covarrubias and Nolana, is of the opinion that the relator has not established its right to the relief sought.  Accordingly, we DENY the petition for writ of mandamus and all relief sought in this original proceeding.  *See* TEX. R. APP. P. 52.8(a), 52.10(b).

GINA M. BENAVIDES,
Justice

Delivered and filed the
4th day of December, 2018.