

# IN THE
# TENTH COURT OF APPEALS

No. 10-20-00128-CV
No. 10-20-00129-CV

## IN RE JAMES K. MCCOWN

### Original Proceeding

## MEMORANDUM  OPINION

James McCown has filed a petition for a writ of mandamus in two separate trial court proceedings asking this Court to order the trial court to withdraw its order in each proceeding entitled "Order Transferring Constested [sic] Portions of Probate Proceedings to the District Court of Hamilton County, Texas" which transferred these proceedings to the district court.  Both proceedings are probate proceedings that were initiated in the county court.  Over time, the proceedings have become contested.

In trial court cause number 5455, on March 17, 2020, McCown filed a motion to assign that proceeding to a statutory probate court judge.[1]  That same day, Andy

---

[1] Trial court cause number 5455 is the proceeding at issue in our Cause No. 10-20-00128-CV.

McMullen, the real party in interest and successor executor of one of the estates at issue, filed a motion to transfer this proceeding to the district court. In trial court cause number 6171, on March 12, 2020, McCown filed a motion to assign that proceeding to a statutory probate court judge as well.[2] On March 24, 2020, McMullen filed a motion to also transfer the proceeding in cause number 6171 to the district court. On March 24, 2020, the county court signed orders transferring both proceedings to the district court without a hearing.

In these mandamus proceedings, McCown argues that because Hamilton County is a county with no statutory probate court or county court at law, the county judge erred by failing to comply with the requirements of Section 32.003(a)-(b) of the Texas Estates Code which states:

> (a) In a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, when a matter in a probate proceeding is contested, the judge of the county court may, on the judge's own motion, or shall, on the motion of any party to the proceeding, according to the motion:
>
>> (1) request the assignment of a statutory probate court judge to hear the contested matter, as provided by Section 25.0022, Government Code; or
>> (2) transfer the contested matter to the district court, which may then hear the contested matter as if originally filed in the district court.
>
> (b) If a party to a probate proceeding files a motion for the assignment of a statutory probate court judge to hear a contested matter in the proceeding before the judge of the county court transfers the contested

---

[2] Trial court cause number 6171 is the proceeding at issue in our Cause No. 10-20-00129-CV.

matter to a district court under this section, the county judge shall grant the motion for the assignment of a statutory probate court judge and may not transfer the matter to the district court unless the party withdraws the motion.

TEX. ESTATES CODE § 32.003 (a)-(b). McCown argues that because he filed a motion in each proceeding prior to the entry of the trial court's order transferring the proceedings to the district court that the trial court abused its discretion by its transfers and by not appointing a statutory probate court judge in these proceedings as the statute expressly requires.

The language of Section 32.003(b) is clear that the proceeding may not be transferred to district court if a party has filed a motion seeking the appointment of a statutory probate court judge. In his response to the petitions for mandamus before this Court, McMullen argues that McCown has waived his complaint because several weeks after the entry of the orders at issue in these mandamus proceedings, McCown filed a general denial in what McMullen alleges to be a proceeding between the same parties in the district court in a separate cause number. McMullen cites to no authority in support of this contention. We do not agree that McCown has waived this objection on this basis.

"Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal." *In re Frank Kent Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or

clearly fails to analyze the law correctly or apply the law correctly to the facts." *In re Christus Santa Rosa Health System*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). We find that mandamus relief is appropriate in these proceedings. *See In re SWEPI, L.P.*, 85 S.W.3d 800, 809 (Tex. 2002) (orig. proceeding).

We find that the trial court clearly abused its discretion by entering orders transferring these proceedings to the district court when there were pending motions seeking the appointment of a statutory probate court judge. We conditionally grant the petitions for a writ of mandamus. The writs will only issue if the trial court fails to withdraw its orders and to enter orders granting McCown's motions for the appointment of a statutory probate court judge in each proceeding within twenty-one (21) days of this Court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Neill
Petition conditionally granted
Opinion issued and filed August 10, 2020
OT06

