

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00280-CV

## IN RE TODD WARREN ALTSCHUL

### Original Proceeding

### From the 74th District Court
### McLennan County, Texas
### Trial Court No. 2402-J

## CORRECTED MEMORANDUM OPINION[1]

"Something is rotten in the state of Denmark."  William Shakespeare, *Hamlet*, Act 1, Scene 4.

An order, presented to this Court in 2007 as a means to successfully withdraw our order issuing a writ of mandamus, is now being called a forgery.  That order has been a part of the district clerk's file since 2007 with no previous attacks on its authenticity.

---

[1] Altschul's motion for rehearing was filed on December 18, 2020.  In the motion, he noted that the memorandum opinion issued on December 9, 2020 incorrectly referenced the date of an order as 1998 instead of 1989.  After noting the erroneous date in the motion for rehearing, Altschul argues that rehearing should be granted so that this Court could refer the matter of a possible forgery of an order in this case to the proper court to convene a court of inquiry.  This corrected opinion is issued to correct the clerical error in the date but otherwise makes no changes in the Court's memorandum opinion.  Accordingly, the Court's December 9, 2020 Memorandum Opinion and judgment are withdrawn and this Corrected Memorandum Opinion and judgment are issued.  Altschul's motion for rehearing filed on December 18, 2020 is denied.

Something is wrong here.

Todd Warren Altschul, a prison inmate, requested copies of two documents from Altschul's juvenile case, "a jury verdict form filed March 14, 1989" and an "Order Granting Habeas Corpus Relief and Vacating Dispositional Order of Commitment to the Texas Youth Commission Dated March 15, 1989," for which he provided payment to the District Clerk's Office. The trial court denied his request, and the district clerk returned Altschul's payment. In a Petition for Writ of Mandamus filed on October 21, 2020, and an Amendment/Supplement to Petition for Writ of Mandamus, filed on November 9, 2020, Altschul requests a mandamus from this Court ordering the trial court to provide Altschul with the requested copies.

We requested a response to the mandamus, which was provided by the State. The response asserted that one of the documents Altschul requested, the Order Granting Habeas Corpus Relief and Vacating Dispositional Order of Commitment to the Texas Youth Commission, was a forgery. Attached to the response was an affidavit from the trial court judge who allegedly signed the order, asserting the signature on the order "is not my signature."

To investigate this claim further, we asked the district clerk to prepare a record; and not having received what we needed, we then ordered the clerk to supplement it,

> with **all documents** filed in trial court case number 2402-J beginning with the juvenile court equivalent of the trial court's charge or charges to the jury and the jury's verdict or verdicts in 1989 and continuing thru the date of this Order. The record items requested also include, but are not limited to, all correspondence, documents, and orders received by the trial court from this Court and a Nunc Pro Tunc alleged to have been rendered by the trial court. The trial court clerk is also ORDERED to certify that the documents

contained in the supplemental clerk's record are **all** of the documents contained in the clerk's file within the timeframe requested by this Court. (Emphasis in original).

After receiving the record and supplemental record from the clerk, we still question whether it contains the entirety of the clerk's file for the time period we requested primarily because the district clerk did not provide the required certification. Further, documents requested and provided, such as the petition, amended petition, and judgment in Altschul's juvenile proceeding, were unreadable in their entirety because the legal-sized documents were copied in an 8.5 by 11-inch format without being reduced so that the entire document could be read.

The clerk's record did contain, however, an affidavit, with attachments, from a former McLennan County deputy district clerk attesting that the signature on a date-filed stamp on a document purporting to be an order signed by the Honorable Bill Logue on January 17, 1998, vacating Altschul's juvenile sentence, the very same sentence that was purportedly vacated in 2007, was not her signature. The former deputy clerk was contacted by the FBI regarding the alleged order. The former deputy clerk's name on that document is clearly misspelled.

Also attached to the affidavit was an alleged mandate from this Court in cause number 10-97-267-CR and an alleged mandate from the Court of Criminal Appeals in writs of habeas corpus numbered 927-49, 50, and 51. The mandate from this Court shows to have been issued on July 22, 1997 and commanded the judge of the 54th District Court to reverse a felony theft conviction and "enter" a judgment of acquittal. A search of this Court's case management system revealed that the appeal in the case number noted on

the mandate was dismissed by this Court. The conviction was not reversed, so an acquittal would not have been the judgment of this Court. Thus, a mandate ordering a reversal would not have issued. Further, the mandate from the Court of Criminal Appeals, dated June 7, 2000, purports to grant the three numbered writs of habeas corpus. A search of the Court of Criminal Appeals' case management system revealed that those three writs were dismissed, not granted. Thus, it appears Altschul has been trying anything, for many years, to get out from under his convictions.

"Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal." *In re Frank Kent Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or clearly fails to analyze the law correctly or apply the law correctly to the facts." *In re Christus Santa Rosa Health System*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding).

We do not have the jurisdiction or resources to determine if the 2007 Order Granting Habeas Corpus Relief and Vacating Dispositional Order of Commitment to the Texas Youth Commission is a forgery, and if so, how or why it has been maintained in the district clerk's file and why or by whom it was presented to this Court in 2007 as an order of the trial court.[2] Regardless, because it appears from the record that Altschul has previously presented what appears to be false documents to a Federal court, we cannot

---

[2] The record filed with this Court for the 2007 mandamus proceeding involving the trial court's alleged failure to rule on a writ of habeas corpus in Altschul's juvenile conviction, which is a civil proceeding as opposed to a criminal proceeding, was destroyed in compliance with this Court's State-mandated record retention policy. Accordingly, this Court does not have a copy of the referenced order.

say that the trial court in this case has abused its discretion in denying Altschul copies of the 1989 juvenile adjudication verdict form and the 2007 Order Granting Habeas Corpus Relief and Vacating Dispositional Order of Commitment to the Texas Youth Commission which a trial court judge has sworn in an affidavit that he did not sign. The clerk is not expected to certify as authentic a copy of a document simply because it is in the clerk's file. Further, according to our records, Altschul was furnished a copy of the 2007 Order by this Court in 2007.

Accordingly, Altschul's Petition for Writ of Mandamus, filed on October 21, 2020 and Amendment/Supplement to Petition for Writ of Mandamus, filed on November 9, 2020, are denied. All pending motions not previously ruled upon on are dismissed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Opinion and judgment withdrawn
Motion for rehearing denied
Petition denied
Motions dismissed
Opinion delivered and filed December 30, 2020
[OT06]

