# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00526-CV

## In re UPS, Inc. and Antoine Scott Crenshaw

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relators UPS, Inc. (UPS), and Antoine Scott Crenshaw (Crenshaw) have filed a petition for writ of mandamus and motion for stay complaining of the trial court's discovery order in a personal injury suit by Real Party in Interest Andrew Dunne (Dunne) *et ux*. Dunne seeks damages for injuries sustained when a package truck operated by UPS employee Crenshaw allegedly failed to yield right of way from a stop sign and struck Dunne, who was riding his bicycle at the time. Dunne sued both Crenshaw and UPS, asserting claims of both vicarious and direct liability against UPS, the latter based on theories of negligent training and supervision. Against Relators' objection, the trial court granted discovery requiring UPS to produce a list of all accident claims and suits relating to any UPS vehicle allegedly failing to yield the right of way at a traffic-control device in Texas for the five years preceding the lawsuit. In their petition, Relators seek mandamus relief from the discovery order on the ground that it is both overbroad and unduly burdensome. Having reviewed the petition and the record provided, we now deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

To be entitled to a writ of mandamus in a civil suit in Texas, the party seeking such relief must establish (1) that the ruling of the trial court constitutes a clear abuse of discretion and (2) that there is no adequate remedy at law. *In re Frank Kent Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding). An abuse of discretion is an exercise of discretion that is "arbitrary, unreasonable, and without reference to [any] guiding [rules and] principles", *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985), or that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re Bass*, 113 S.W.3d 735, 738 (Tex. 2003) (internal quotation marks omitted).

Relators reason that similar-incident discovery necessarily seeks facts not relevant to the subject incident and therefore constitutes an impermissible "fishing expedition." For his part, Dunne points out that evidence of other, similar incidents is probative of the foreseeability of the subject occurrence and is therefore relevant to his negligent supervision claim.

Relators cite two recent Supreme Court cases in support of their argument that similar-incident discovery of the type at issue here is overbroad. The first of these two cases, *In re Contract Freighters, Inc.*, involved a rear-end collision with the defendant's tractor-trailer. 646 S.W.3d 810 (Tex. 2022) (*CFI*). The Court in *CFI* granted mandamus to bar discovery regarding lawsuits arising from other rear-end collisions involving the defendant's drivers during the five years immediately preceding the subject collision and occurring anywhere in the United States. *Id*. at 812. The second case—coincidentally also involving a UPS company—arose from a fatal collision in which the defendant's driver tested positive for THC. *In re UPS Ground Freight, Inc.*, 646 S.W.3d 828 (Tex. 2022). In that case, the Court granted mandamus to bar discovery of five years of positive drug-test records for employees who worked at the facility

where the defendant's driver had worked. In our view, neither case clearly bars the order at issue in this case.

The discovery at issue in *CFI*, as well as the cases cited therein, was broader than the discovery at issue here in terms of either time or geographic scope. In *CFI* itself, the request involved the same time period as in this case (five years), but was nationwide in scope, including records from "all fifty states." *In re CFI*, 646 S.W.3d at 815. The geographical reach of that request was thus much broader than the request at issue here, involving only the state where the cause of action arose. Moreover, the *CFI* Court cited *In re Ford Motor Co.*, 427 S.W.3d 396, 397 (Tex. 2014), involving an eleven-year time frame; *In re Dana Corp.*, 138 S.W.3d 298, 302 (Tex. 2004), involving fifteen years of similar cases; and *Dillard Department Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995), involving only a five-year time frame but spanning twenty states. In sum, we are unable to abstract from *CFI* or the cases it cites a bright-line rule that would bar the five-year, one-state discovery sought in the instant case.

Distinct aspects of *UPS Ground Freight* render its application here doubtful as well. For example, the plaintiff in that case sought confidential drug-test results for "hundreds of current and former UPS drivers." *In re UPS Ground Freight, Inc.*, 646 S.W.3d 828, 831 (Tex. 2022). Here, by contrast, Dunne has cited record evidence to indicate that as few as sixty-seven incidents in the category for which discovery is sought may have occurred in a given two-year period. Resp. to Pet. for Mandamus at 12. If that figure is typical, extrapolating to the five-year period at issue here will not result in the "hundreds" of records that concerned the *UPS Ground Freight* Court. As with *CFI*, then, *UPS Ground Freight* seems to have addressed a much broader contemplated production. The Court in *UPS Ground Freight* also observed that the dataset sought in discovery in that case was in fact *too small* to accomplish the plaintiff's nominal

purpose in requesting it, viz., to evaluate the defendant's compliance with federal drug-testing protocols. "[T]he results of drug tests conducted only in the Irving facility represent merely a small piece of the company's national testing program," the Court reasoned, "and thus reveal nothing about whether that program complies with federal regulations." *In re UPS Ground Freight*, 646 S.W.3d at 832. No comparable concern is present in the facts of the case before us.

Given these precedents, we cannot charge the trial court with having acted arbitrarily and unreasonably as required by the applicable standard of review.

As to Defendants' burdensomeness argument, it suffers from two grave defects. From the record, it appears not to have been raised timely. However, even if timely, the asserted burden, if any, would seem to result, substantially if not entirely, from the manner in which UPS chooses to store and organize its own materials. *See In re K&L Auto Crushers, LLC*, 627 S.W.3d 239, 253 (Tex. 2021). UPS disputes that contention, but the record leaves enough room for judgment that, once more, we cannot impute to the trial court clear abuse under the applicable standard.

Accordingly, we deny Relator's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Filed: October 21, 2022

4