# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00618-CV

**In re Texas Department of Family and Protective Services**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator, the Texas Department of Family and Protective Services, seeks mandamus relief from the district court's sua sponte order issued after a jury verdict, declaring a mistrial and setting a new trial date. We conditionally grant the writ in part. To be entitled to a writ of mandamus in a civil suit in Texas, the party seeking such relief ordinarily must establish that the ruling of the trial court constitutes a clear abuse of discretion and that there is no adequate remedy at law. *In re Frank Kent Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding). As to the second of these criteria, adequacy of remedy, the Texas Supreme Court has explained that "in two instances have new trial orders rendered during the time a trial court has plenary power been reviewable by an appellate court: when the trial court's order was void and when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict." *In re Columbia Med. Ctr.*, 290 S.W.3d 204, 209 (Tex. 2009) (orig. proceeding) (conditionally granting mandamus relief from order granting new trial). Where, as here, neither of those

circumstances exists, the Department has no remedy on appeal. We turn then to the first criterion, abuse of discretion.

Applying the abuse-of-discretion standard, the Texas Supreme Court has held that a trial court must explain with reasonable specificity why it has set aside a jury verdict and granted a new trial. *In re Bent*, 487 S.W.3d 170, 172–73 (Tex. 2016) (orig. proceeding) (citing *Columbia*, 290 S.W.3d at 213); *see also In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 748–49 (Tex. 2013). A trial court's stated reasoning under this requirement is evaluated under a two-part framework. The requirement is generally satisfied when a trial court's stated reason is (1) one for which a new trial is legally appropriate and (2) specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand. *In re Bent*, 487 S.W.3d. at 173 (quoting *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding)). However, an appellate court may also evaluate on mandamus review the merits of a new-trial order that facially comports with the foregoing standard, reviewing the correctness of the stated reasons for granting a new trial. *Toyota Motor*, 407 S.W.3d at 757.

Here, the district court's entire explanation for ordering a mistrial was that "during a post-judgment hearing, it was made known, and otherwise undisputed, that the jury received perjured testimony from a witness" and "a mistrial is the proper remedy due to the material perjury." On its face, this explanation is insufficiently specific to show that the district court "derived the articulated reasons from the particular facts and circumstances of the case" because the order does not indicate what testimony the court believed to have been perjurious or explain how that testimony undermined the jury's findings. *See In re United Scaffolding*, 377 S.W.3d at 689–90 (stating that "[t]he order must . . . explain how the evidence (or lack of evidence)

2

undermines the jury's findings" and ordering the trial court to "elaborate, with reference to the evidence adduced at trial, how the jury's answers are contrary to the great weight and preponderance of the evidence").

Despite the order's facial lack of specificity, the Department and the real party in interest, D.R., both identify the testimony that they suspect the trial court found problematic. In this suit to terminate parental rights, testimony by the proposed relative-placement that she did not use drugs was later called into question after the attorney ad litem stated in a post-trial hearing that the relative-placement had had a drug test that "did not come back favorably." Both the Department and D.R. assume that the trial court found the relative-placement's statement perjurious. Assuming, without deciding, that this is the testimony the court thought perjurious and that an undisputed post-trial revelation of perjury is a legally appropriate basis to order a new trial, the order nevertheless fails under a merits-based evaluation because it does not refer to sufficient evidence.

As the Department points out, it was *not* undisputed that perjury occurred; Relator vigorously disputed that very contention. Moreover, the evidence that perjury occurred does not suffice to support the district court's order. Perjury is a false sworn statement made with the intent to deceive and with knowledge of the statement's meaning. *See* Tex. Penal Code § 37.02. Because there is no evidence as to what the ad litem meant by the phrase "did not come back favorably," and because the relative-placement's statement may be consistent with a number of explanations, the evidence is insufficient to support a finding that the relative-placement committed perjury.

Because the district court's order lacks the specificity required to support the granting of a new trial, and because the court's stated reason for granting a new trial fails on the merits, the court abused its discretion in disregarding the jury's verdict and ordering a new trial.

3

For the foregoing reasons, we conditionally grant partial relief. We direct the trial court to vacate its order declaring a mistrial and setting a new trial date or to identify with reasonable specificity, and to elaborate, with reference to the evidence adduced, the reasons it granted a new trial. The writ will issue only if the district court does not comply.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Filed: October 28, 2022

4