# IN THE SUPREME COURT OF TEXAS

════════════

No. 09-0495

════════════

TEXAS MUTUAL INSURANCE COMPANY, PETITIONER,

v.

P. LANCE MORRIS, RESPONDENT

═══════════════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

═══════════════════════════════════════════════════════════

**PER CURIAM**

Lance Morris injured his back while working and his employer's workers' compensation insurer, Texas Mutual Insurance Company (TMIC), accepted the injury as compensable. Three years later when it was discovered that Morris had herniated lumbar intervertebral discs, TMIC disputed whether they were causally related to the original injury. The Texas Department of Insurance Division of Workers' Compensation (the division) determined that the disc herniations were related to the original injury and ordered TMIC to pay medical benefits, which it did. Morris later sued TMIC for damages caused by its delay in paying benefits. The trial court rendered judgment for Morris, and the court of appeals affirmed. Based on our recent decision in *Texas Mutual Insurance Co. v. Ruttiger*, ___ S.W.3d ___ (Tex. 2012), we reverse and render judgment for TMIC.

On June 12, 2000, Morris injured his back while working for the Justin Community Volunteer Fire Department. The Fire Department reported to TMIC that Morris had strained his

back while working. TMIC accepted the injury as compensable and paid benefits. In March of 2003, Morris went to a hospital emergency room with severe back pain and was diagnosed as having herniated lumbar discs. On April 1, 2003, Dr. Charles Neblett requested TMIC to preauthorize lumbar laminectomy surgery to treat the herniated discs. TMIC approved the surgery as medically necessary, *see* 28 TEX. ADMIN. CODE § 134.600, but later disputed its compensability on the basis that the herniated discs were not causally related to the March 2000 injury.

Morris eventually requested, and the division held, two benefit review conferences to attempt to resolve the compensability dispute. *See* TEX. LAB. CODE § 410.021. The dispute was not resolved so a contested case hearing was held. *See id.* § 410.025. The hearing officer concluded that Morris's original injury caused or aggravated the lumbar disc herniations, they were compensable, and TMIC was liable for compensation. The division specifically ordered TMIC to pay medical benefits. TMIC then paid Morris both medical and income benefits relating to the disc problems.

Morris sued TMIC for violating article 21.21 of the Insurance Code,[1] breaching its common law duty of good faith and fair dealing, and violating the Deceptive Trade Practices Act (DTPA), TEX. BUS. & COM. CODE §§ 17.41–.63. His suit was based on TMIC's denial of compensability and delay in paying benefits until ordered to do so by the division. A jury found for Morris and awarded damages for past mental anguish, damage to his credit reputation, additional damages because TMIC acted knowingly, and attorney's fees. The trial court rendered judgment that Morris recover under

---

[1] The Legislature has re-codified Insurance Code article 21.21 and placed the relevant provisions in Insurance Code Chapter 541. References to Insurance Code provisions will be to the re-codified sections.

his Insurance Code claim. The judgment also provided that if the Insurance Code claim failed on appeal, he could elect to recover under the common law claim or the DTPA claim.

The court of appeals concluded that there was no evidence to support the damages awarded for loss of credit reputation. It reversed the trial court's judgment in part and remanded for further proceedings. 287 S.W.3d 401, 434-35.

In this Court TMIC seeks reversal of that part of the court of appeals' judgment favorable to Morris. It advances multiple reasons, but we address only four of them.

We first consider an argument TMIC did not raise in the courts below: the trial court did not have jurisdiction over Morris's suit because he did not exhaust administrative remedies available to him under the Workers' Compensation Act (Act). TEX. LAB. CODE §§ 410.002–.308; *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804-05 (Tex. 2001); *see, e.g.*, *Minton v. Gunn*, 355 S.W.3d 634, 639 (Tex. 2011) (recognizing that we must have jurisdiction to consider an appeal before reaching the merits). TMIC asserts that because Morris's claim is for delay damages—damages from TMIC's delay in paying benefits while it was contesting compensability of the lumbar claim—the trial court did not have jurisdiction because Morris did not timely use remedies afforded by the Act for obtaining benefits. TMIC says the evidence is undisputed that Morris (1) delayed in requesting a first benefit review conference for more than six months after TMIC contested compensability; (2) did not request the division to enter an interlocutory order directing TMIC to pay benefits; (3) failed in his request for a benefit review conference to explain why an expedited setting was needed, thus causing the division to not set an expedited conference; (4) agreed to two non-expedited benefit review conferences; and (5) agreed to a non-expedited contested case hearing. Morris responds, in

3

part, that (1) the division procedures which TMIC claims he did not timely use cannot be jurisdictional because they are permissive, not mandatory; (2) he obtained a division finding that his back surgery and subsequent medical treatment were compensable so he complied with the exhaustion requirements set out in *Fodge*, 63 S.W.3d 801; and (3) his actions and inactions of which TMIC complains are not jurisdictional matters, but rather go to the question of whether he mitigated his damages and TMIC waived that issue by not raising it in the lower courts.

We held in *Fodge* that a trial court does not have jurisdiction over a claim for delay in providing compensation benefits if the division has not made a determination that the benefits were due. *Id.* at 802, 804-05. There, workers' compensation claimant Anne Fodge claimed she was injured on the job and American Motorists, her employer's compensation insurer, denied the claim. *Id.* at 802. The division determined at a contested case hearing that she had been injured on the job and was entitled to temporary income benefits, but it did not determine whether she was entitled to any medical benefits. *Id.* Fodge then sued American Motorists. Part of her claims were that American Motorists' delay in paying income and medical benefits until after the division ordered it to do so violated the DTPA and Insurance Code and breached its common law duty of good faith and fair dealing. *Id.* at 802-03. We noted that the division had exclusive jurisdiction to determine whether benefits were due to Fodge and it had not yet determined whether she was entitled to medical benefits, although it had determined she was entitled to income benefits. *Id.* at 804-05. We held that the trial court had jurisdiction over Fodge's claim for delayed payment of income benefits, but because the division had not determined that she was entitled to medical benefits the trial court did not have jurisdiction over her claim for delayed medical benefits. *Id.* at 804. But we did not

4

address whether the timing of a claimant's utilization of the Act's procedures is an issue that must be determined by the division before a trial court has jurisdiction over a claim for delay damages.

The Act contains certain deadlines that must be met. It specifies that an injured employee must give notice of injury to the employer not later than the thirtieth day after the injury occurs. TEX. LAB. CODE § 409.001(a). An employee's failure to timely give notice of injury can relieve the insurer of its obligation to pay compensation. *Id.* § 409.002. The Act also specifies that an injured employee must file a claim for compensation not later than one year after the injury occurs, or, if the injury is an occupational disease, not later than one year after the employee knew or should have known that the injury may be related to the employment. *Id.* § 409.003. An employee's failure to timely file a claim for compensation can also relieve the insurer of its obligation to pay compensation. *Id.* § 409.004. But TMIC points to no provision in the Act that specifies time limits for claimants to request benefit review conferences, penalizes claimants if they delay in requesting them, or requires the division to determine whether employees' benefit review conference requests are timely. The section of the Act addressing requests for benefit review conferences provides only that the division may "[o]n receipt of a request from a party or on its own motion" direct the parties to meet in a benefit review conference. *Id.* § 410.023(a). Given the silence of the Act as to time constraints for claimants to request a benefit review conference or the effect of delay in filing one, we conclude that Morris is correct. The same goes for interlocutory orders and delays in connection with contested case hearings.

We conclude that under this record, Morris's delays in requesting division action were not jurisdictional in nature, but rather were matters of whether he mitigated his damages. Thus his

5

delays in seeking relief from the division did not deprive the trial court of jurisdiction. Because of our disposition of the appeal we do not further address the timeliness of Morris's seeking relief from the division.

Next we consider TMIC's argument that causes of action for unfair claims settlement practices under Insurance Code section 541.060 and breach of the common law duty of good faith and fair dealing do not apply in the workers' compensation context.[2] After the parties filed their briefs, we held in *Ruttiger* that a claimant cannot recover damages under section 541.060 from a workers' compensation insurer for unfair claims settlement practices. ___ S.W.3d at ___. We also held that amendments to the Act eliminated the need for a cause of action for breach of the common law duty of good faith and fair dealing against workers' compensation insurers. *Id.* at __ (overruling *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 212-13 (Tex. 1988)). In accord with our decision in *Ruttiger* we agree with TMIC that Morris cannot recover on either of these claims.

Finally, we address whether Morris can recover under Insurance Code section 541.061. We held in *Ruttiger* that a cause of action under section 541.061 for misrepresentation of an insurance policy is not necessarily incompatible with the workers' compensation system. *Id.* at ___. TMIC argues that the basis of Morris's claim for misrepresentation is TMIC's filing of the dispute based on a lack of causal relationship between the 2000 injury and the disc herniations, and that its dispute simply was not a misrepresentation of its policy. Morris does not contest TMIC's position or point to any statements or actions by TMIC that he contends constituted untrue statements about or failure

___

[2] Morris asserts that TMIC failed to preserve its challenge to his Insurance Code claim. But TMIC objected to that question in the jury charge and challenged the legal sufficiency of the evidence to support that finding in the court of appeals. We conclude that it preserved the challenge.

6

to disclose something about the insurance policy. TMIC's Notice of Refused or Disputed Claim specified that TMIC disputed whether Morris's compensable June 2000 back strain extended to his lumbar disc herniations and whether he had a disability as a result of the original back strain. The testimony and other evidence bore out that question as being the basis for TMIC's denial of compensability. Thus, the dispute between Morris and TMIC was the extent of Morris's injury, not what the policy said or whether it covered the disc problems if they were related to the back strain. *See Ruttiger*, ___ S.W.3d at ___. We agree with TMIC that there is no evidence it misrepresented its policy.

Morris's DTPA claim depends on the validity of his Insurance Code claim. Because his claims under the Insurance Code fail, he cannot recover on his DTPA claim. *See id.* at ___.

We grant TMIC's petition for review. Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and render judgment that Morris take nothing.

**OPINION DELIVERED:** October 26, 2012

7