In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00123-CV
_____

**ROBERT BEAN, Appellant**

**V.**

**TEXAS MUTUAL INSURANCE COMPANY, PHILLIP W. SMITH
AND DEBBIE K. GARRETT, Appellees**

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CV1003164

**MEMORANDUM OPINION**

Robert Bean appeals from the trial court's decision to dismiss his suit against the defendants in a case in which he alleged that the defendants had mishandled his worker's compensation claim. Recent caselaw prevents Bean from pursuing his common law and statutory bad faith claims arising from the handling of a worker's compensation insurance claim. *See Tex. Mut. Ins. Co. v. Ruttiger*, No. 08-0751, 2012 WL 2361697, at *13, 19 (Tex. June 22, 2012). We affirm the trial court's order dismissing Bean's case.

Robert Bean sued Texas Mutual Insurance Company and two of its adjusters, Phillip W. Smith and Debbie K. Garrett, for damages arising from allegedly wrongful acts in handling his worker's compensation claim. The defendants moved to dismiss Bean's claims, arguing that he had failed to exhaust his administrative remedies. The trial court dismissed Bean's case, and Bean perfected an appeal.

While Bean's case was on appeal, the Texas Supreme Court held that a worker's compensation claimant has no cause of action against the compensation insurer under the Insurance Code for unfair settlement practices, overruling two prior opinions to the contrary. It also held that a claimant cannot assert a common law claim against the worker's compensation insurer based on an allegation claiming the insurer had breached its duty of good faith and fair dealing. *See Ruttiger*, 2012 WL 2361697, at *13, 19 (overruling *Aetna Cas. and Sur. Co. v. Marshall*, 724 S.W.2d 770 (Tex. 1987), and *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 212-13 (Tex. 1988)). In *Ruttiger*, the Supreme Court held that the administrative dispute resolution process provided by the Workers' Compensation Act is the sole remedy available to address a covered employee's claim which arises from an on-the-job injury; consequently, the worker who has a compensation claim remedy cannot assert an action against the compensation carrier under sections 542.003 and 541.060 of the Texas Insurance Code or the Texas Deceptive Trade Practices-Consumer Protection Act. *Ruttiger*, 2012 WL 2361697, at *12-14; *see* Tex. Ins. Code Ann. §§ 541.060, 542.003 (West 2009); Tex. Bus. & Comm.

Code Ann. §§ 17.41-.63 (West 2011 & Supp. 2012). The *Ruttiger* Court also concluded that a covered worker may seek to recover damages under section 541.061 of the Texas Insurance Code, but only for a claim alleging that the terms of the compensation policy were misrepresented. *See Ruttiger*, 2012 WL 2361697, at \*13; *see also* Tex. Ins. Code Ann. § 541.061 (West 2009).

Bean's lawsuit concerns the claims handling process; Bean did not claim that the terms of the insurance policy covering his employer had been misrepresented to his employer. *See* Tex. Ins. Code Ann. § 541.061 (providing that it is an unfair method of competition or deceptive act or practice to misrepresent an insurance policy); *see also Tex. Mut. Ins. Co. v. Morris,* No. 09-0495, 2012 WL 5275467, at \*3 (Tex. Oct. 26, 2012). In summary, Bean's claims are within the exclusive jurisdiction of the Texas Department of Insurance. *See Ruttiger*, 2012 WL 2361697, at \*12-14.

In the trial court, the defendants argued that Bean had failed to exhaust his administrative remedies. The defendants presented the issue before the trial court as one of exhaustion of remedies. Whether Bean exhausted his remedies, however, is subsumed within the larger issue subsequently decided by the Supreme Court in *Ruttiger*: whether the administrative agency's jurisdiction is exclusive. The judicial doctrine of exhaustion of remedies is part and parcel of the exclusive jurisdiction granted to an agency by statute. *See In re Entergy Corp.*, 142 S.W.3d 316, 321-22 (Tex. 2004). An agency's

3

exclusive jurisdiction affects the trial court's subject matter jurisdiction. *Id.; Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002).

Whether an agency has exclusive jurisdiction is a question of law we review de novo. *Entergy Corp.*, 142 S.W.3d at 322. Here, the Workers' Compensation Act provides the exclusive remedy for Bean's claim for compensation benefits. With respect to Bean's lawsuit, which alleges statutory and common law claims, a judicial remedy is not available. *See Ruttiger*, 2012 WL 2361697, at *12-19. As a result, we must dismiss Bean's suit because the trial court was without jurisdiction to hear it.

After the Texas Supreme Court issued its opinion on rehearing in *Ruttiger*, we invited the parties to submit briefs arguing the effect of *Ruttiger* on these proceedings. We provided an opportunity for Bean to reply, and asked that he identify a claim that he could assert on remand if we allowed him to replead. Bean did not respond to our request. In light of the Supreme Court's decision in *Ruttiger*, we affirm the trial court's order dismissing Bean's case.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 8, 2012
Opinion Delivered November 8, 2012
Before Gaultney, Kreger, and Horton, JJ.

4