# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00734-CV

**Donna Hopper, Individually and as Surviving Spouse and on behalf of the Estate of Robert Hopper, and as Guardian of Dylon Hopper and Fallon Hopper; Keegan Hopper; Justin Hopper; and Trevor Hopper, Appellants**

**v.**

**Argonaut Insurance Company and Kimberly Barrett, Adjuster, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GN-09-000667, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Donna Hopper, individually, on behalf of the Estate of Robert Hopper, and as guardian of Dylon Hopper and Fallon Hopper; Keegan Hopper; Justin Hopper; and Trevor Hopper (collectively the Hoppers) sued appellees Argonaut Insurance Company and Kimberly Barrett, a workers' compensation insurance carrier and claims adjuster, respectively, for falsely disputing and improperly delaying processing of their claims for workers' compensation death benefits. The Hoppers asserted common-law claims for fraud, negligent misrepresentation, unconscionability, and breach of the duty of good faith and fair dealing along with statutory claims under the Insurance Code and the Deceptive Trade Practices Act (DTPA) for failure to comply with the requirements of the Texas Workers' Compensation Act. *See* Tex. Bus. & Com. Code §§ 17.01-.926; Tex. Lab. Code §§ 401.001-506.002; Tex. Ins. Code §§ 541.060-.061. The Hoppers

now appeal the trial court's take-nothing summary judgment in favor of Argonaut and Barrett. We will affirm.

## BACKGROUND

In July 2004, Robert Hopper suffered a work-related injury to his wrist. Argonaut paid workers' compensation benefits to Robert from the date of his injury until he died from a fentanyl overdose in March 2007.[1] After Robert died, his wife and children filed claims for workers' compensation death benefits asserting that Robert's death was compensable because he became addicted to and died from an overdose of the pain medications he was prescribed for his wrist injury.

Argonaut disputed the Hoppers' entitlement to death benefits, first by questioning their status as beneficiaries and then on the basis that Robert's death was not related to his wrist injury. Barrett was the claims adjuster listed on the notices disputing coverage that Argonaut filed with the Texas Department of Insurance, Division of Workers' Compensation. Nearly two years after Robert's death, the disputed claims were resolved following a Benefit Review Conference (BRC) and the execution of a Benefit Dispute Agreement (BDA) in which Argonaut agreed that (1) Donna and two of her children, Dylon and Fallon, were Robert's beneficiaries and (2) Robert's compensable wrist injury was a producing cause of his death.

Shortly thereafter, the Hoppers sued Argonaut and Barrett for mishandling and unreasonably delaying payment on their claims. In addition to undue delay, the Hoppers alleged that Argonaut and Barrett made negligent, malicious, and knowingly false statements that they were not

---

[1] Because the appellants and the decedent share the same surname, we refer to appellants and decedent by their first names to avoid confusion.

2

entitled to coverage under the workers' compensation policy by suggesting that Robert intentionally overdosed and that they were not Robert's true beneficiaries. The Hoppers further complained that Argonaut failed to control the medications prescribed to Robert and failed to offer or require him to attend a detoxification program for drug abuse, which had been recommended by his treating physician and a doctor who conducted a Required Medical Examination on Argonaut's behalf. The Hoppers alleged that Argonaut and Barrett acted fraudulently, maliciously, and unconscionably "in mishandling, delaying, and denying [Robert's and the Hoppers'] claims for workers' compensation benefits" and that their conduct violated sections 541.060 and 541.061 of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and the common-law duty of good faith and fair dealing. *See* Tex. Bus. & Com. Code §§ 17.01-.926; Tex. Lab. Code §§ 401.001-506.002; Tex. Ins. Code §§ 541.060-.061.

Argonaut and Barrett filed traditional and no-evidence motions for summary judgment based in part on *Texas Mutual Insurance Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012). In *Ruttiger*, the Texas Supreme Court abolished the common-law duty of good faith and fair dealing in the workers' compensation context and held that the provisions of the Workers' Compensation Act (the Act) governing dispute resolution and providing remedies for failing to comply with those provisions are exclusive of independent causes of action based on unfair claims-settlement practices . *Id.* at 439, 444-46, 451. The trial court granted a take-nothing summary judgment on all of the Hoppers' claims.

On appeal, the Hoppers assert that *Ruttiger* does not foreclose all of their claims, that there is some evidence to support the claims not foreclosed by *Ruttiger*, and that the trial court

3

abused its discretion in denying their motion for a continuance to allow them to obtain discovery from Barrett. Because the Hoppers do not specifically identify which claims they agree are foreclosed by *Ruttiger* and which claims they contend survive, we will address *Ruttiger*'s impact on all of their claims.

**DISCUSSION**

The standards for reviewing a summary judgment are well established and undisputed on appeal. *See, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *see also Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also* Tex. R. Civ. P. 166a(i). Accordingly, we need not rearticulate them for purposes of our analysis. Applying those standards, we conclude the trial court properly granted the appellees' motion for summary judgment because *Ruttiger* is dispositive of both the statutory and common-law claims the Hoppers have asserted in this case.

In *Ruttiger*, the Texas Supreme Court held that the Texas Workers' Compensation Act, as amended in 1989, is the exclusive remedy for unfair settlement practices by workers' compensation carriers; consequently, there is no separate cause of action for such claims under section 541.060 of the Texas Insurance Code. *Ruttiger*, 381 S.W.3d at 438-44; *see also* Tex. Ins. Code § 541.060 (providing cause of action for unfair settlement practices). Given the extensive procedures and provisions provided by the Workers' Compensation Act, the court further held that an injured employee may not assert a common-law claim for breach of the duty of good faith and fair dealing against a workers' compensation carrier, overruling *Aranda v. Insurance Co. of North Am.*,

4

748 S.W.2d 210 (Tex. 1988). *Ruttiger*, 381 S.W.3d. at 451; *see also Carpenter v. Southwest Med. Exam'r Servs.*, 381 S.W.3d 583, 587 (Tex. App.—Eastland 2012, no pet.) (applying *Ruttiger*'s holding that "the regulatory scheme set out in the Workers' Compensation Act . . . precluded the injured employee's causes of action regarding the manner in which the carrier had handled the processing of his workers' compensation claim").

However, the supreme court further held that a claim under section 541.061 of the Insurance Code is not necessarily incompatible with the comprehensive nature of the workers' compensation system because a cause of action under section 541.061 is not limited to the claim-settlement context. "Section 541.061 applies to the misrepresentation of an insurance policy, but because it does not evidence intent that it be applied in regard to settling claims, it is not at odds with the dispute resolution process of the workers' compensation system." *Ruttiger*, 381 S.W.3d at 446 (referring to Tex. Ins. Code § 541.061). Although not inconsistent with the Workers' Compensation Act, the court nevertheless held that the evidence was legally insufficient to support Ruttiger's section 541.061 claim because there was no evidence to support a finding that the insurer misrepresented its policy. *Id.* The court stated that section 541.061 applies to misrepresentations of a policy's terms, not misrepresentations about whether a specific claim is factually within a policy's terms. *See id.* Ruttiger's section 541.061 claim failed because there was no evidence of "any untrue statement by [the insurer] regarding the policy or any statement about the policy that misled him." *Id.* Rather, "[t]he dispute between Ruttiger and [the insurer] was over whether Ruttiger's claim was factually within the policy's terms—whether he was injured on the job." *Id.*; *accord Texas Mut. Ins. Co. v. Morris*, 383 S.W.3d 146, 150 (Tex. 2012) (holding that section

5

541.061 claim against workers' compensation insurer failed because there was no evidence of "any untrue statements about or failure to disclose something about the insurance policy"; dispute concerned extent of employee's injury, not what policy said or whether type of injury was covered under policy's terms).

Like *Ruttiger*, there is no evidence in the present case that Argonaut or Barrett misrepresented the terms of the policy. The alleged misrepresentations concerned statements about whether Robert's death resulted from a compensable injury and whether the Hoppers were his true beneficiaries. As contemplated by the comprehensive claims procedures and dispute-resolution processes provided in the Workers' Compensation Act, those disputes were resolved in the BDA after the Hoppers exercised their statutory right to a BRC.[2] *See* Tex. Lab. Code §§ 409.021(a)(2)(A) (notice of disputed benefits must include information concerning right to request a BRC), 410.021 (providing that BRC is non-adversarial, informal dispute-resolution proceeding designed, in part, to mediate and resolve disputed issues); 28 Tex. Admin Code § 141.1 (2013) (Tex. Dep't of Insurance, Division of Workers' Compensation, Dispute Resolution) (providing that BRC must be set within forty days after request is received, but in cases warranting expedited processing, BRC must be set within twenty days); *see also* Tex. Lab. Code §§ 410.021, .151, .202, .251 (collectively providing four possible steps for resolving workers' compensation benefit disputes: (1) BRC, (2) contested-case hearing, (3) review by an administrative-appeals panel, and (4) judicial review).

---

[2] Although the Hoppers complain that Argonaut and Barrett never "offered" a detoxification program to Robert, they neither claim nor cite evidence that Robert ever made a claim for such benefits, that such a claim was denied, or that administrative remedies were exhausted as to any such claim.

6

Accordingly, the trial court did not err in granting summary judgment as to the Hoppers' section 541.061 claim.

Although *Ruttiger* did not specifically involve common-law claims of fraudulent and negligent misrepresentation or unconscionability, these claims fail in the present case because there is no evidence here of any fraudulent, negligent, or unconscionable conduct that does not implicate the claim-settlement process. As *Ruttiger* explains in detail, the Workers' Compensation Act "effectively eliminates the need for a judicially imposed cause of action outside the administrative processes and other remedies in the Act." *Ruttiger*, 381 S.W.3d at 451. Because the Hoppers' claims and supporting evidence are limited to complaints about delays, claim handling, and disputes regarding entitlement to benefits, and because *Ruttiger* eliminates extra-statutory causes of action based on such claims, summary judgment was proper as to the Hoppers' common-law claims.

Finally, the Hoppers concede that their DTPA claim depends on the validity of their Insurance Code and unconscionability claims. Because those claims fail as a matter of law, the Hoppers likewise cannot recover on their DTPA claim.

In their final appellate issue, the Hoppers complain about the trial court's denial of their motion for a continuance of the summary-judgment hearing, which they contend was essential to allow them adequate time to conduct discovery from Barrett because she did not file her answer in the lawsuit until shortly before the joint motion for summary judgment was filed. A trial court's ruling on a motion for continuance to conduct additional discovery is reviewed for abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 162 (Tex. 2004). An appellate

court may reverse for abuse of discretion only if it finds that the trial court's decision was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.*

In the present case, Barrett's name appears prominently on the notices disputing the Hoppers' claims for workers' compensation death benefits. The Hoppers named Barrett as a defendant in this case in their original petition, which was filed more than three years before the motion for summary judgment was filed. There is neither evidence nor argument explaining why Barrett, the Argonaut employee who signed the benefit-dispute notices, could not have been deposed as a fact witness and representative of Argonaut during the three years the case was pending or during the nearly 30-day period between the filing of the motion for summary judgment and the hearing date. Under these circumstances, we cannot conclude that the trial court abused its discretion in denying the Hoppers' request for a continuance of the summary-judgment hearing to obtain discovery from Barrett.

## CONCLUSION

For the reasons stated, we affirm the trial court's summary judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: October 18, 2013

8