**IN RE TEXAS MUTUAL INSURANCE COMPANY, Relator**

No. 08–15–00343–CV

Court of Appeals of Texas, El Paso.

March 9, 2016

William E. Moody, El Paso, TX, for Respondent.

James Alan Hemphill, Austin, TX, for Relator.

James F. Scherr, El Paso, TX, for Real Parties in Interest.

Before McClure, C.J., Rodriguez, J., and Larsen, Senior Judge (Sitting by Assignment).

## OPINION

YVONNE T. RODRIGUEZ, Justice

This original proceeding presents the question whether the Division of Workers' Compensation has exclusive jurisdiction of claims arising from a carrier's assertion of its subrogation interest and suspension of workers' compensation benefits. Texas Mutual Insurance Company has filed a mandamus petition against the Honorable William E. Moody, Judge of the 34th District Court of El Paso County, Texas, asking that we order the trial court to dismiss the bad faith suit asserted by the plaintiffs in *Maria Ignacia Garcia and Anthony Garcia v. Texas Mutual Insurance Company* (cause number 2001–3437) for lack of jurisdiction. We conditionally grant mandamus relief.

## FACTUAL SUMMARY

Juan Manuel Garcia (Juan), sustained on-the-job injuries in October 2000 and died. Texas Mutual provided workers'

compensation insurance to Juan's employer, Alamito Construction Company, and it paid death benefits to Juan's surviving spouse, Maria Ignacia Garcia and their son, Anthony Garcia, who was a minor at that time.

In 2001, the Garcia family, consisting of the real parties in interest and Juan's adult children, filed a wrongful death suit against a third party, Hansen Construction Company, alleging that Juan was working, at the time of his death, on premises owned and controlled by Hansen.[1] The Garcia family settled their lawsuit against Hansen in 2004, and Texas Mutual intervened in the suit asserting a statutory subrogation lien under Section 417.001 of the Texas Labor Code. Even though the settlement funds were not paid to the plaintiffs for approximately one year, Texas Mutual suspended the payment of workers' compensation benefits to Maria and Anthony under the "future credit" provisions of the Labor Code.[2] After the credit was exhausted in November 2011, Texas Mutual resumed paying the death benefits. Maria and Anthony simultaneously challenged the suspension of benefits in an administrative proceeding and by asserting bad faith claims against Texas Mutual in the Hansen negligence suit.

*The Administrative Proceeding and Judicial Review Suit (Cause No. 2005–6345)*

Maria and Anthony instituted an administrative proceeding in the Texas Department of Insurance–Division of Workers' Compensation (DWC) to address the suspension of benefits. After a hearing, the DWC entered a decision and order on May

[1]. The suit was styled *Maria Ignacia Garcia, Individually and on behalf of the Estate of Juan Manuel Garcia, Deceased, Jorge Garcia and Juan Manual Garcia Jr., and Anthony Garcia v. Hansen Construction Company, Inc.* (cause number 2001–3437).

[2]. *See* TEX. LAB. CODE ANN. §§ 417.001–.002 (West 2015).

13, 2005. The DWC concluded that Texas Mutual was entitled to suspend the benefits to offset a third-party recovery, Mary and Anthony recovered a third-party settlement on August 16, 2004, the accrued benefits paid by Texas Mutual on the date of the third-party settlement was $75,985.13, and $200,000 is the correct amount of the advance on future benefits. Mary and Anthony appealed the decision to the DWC Appeals Panel. They did not assert that Texas Mutual did not have a right to subrogation, but rather, Mary and Anthony complained primarily that Texas Mutual suspended the benefits before the settlement was funded. After the Appeals Panel rejected Mary and Anthony's arguments, they filed a judicial review lawsuit in the 34th District Court. That suit is styled *Maria Garcia and Anthony Garcia v. Texas Mutual Insurance Company* (cause number 2005–6345). On March 13, 2015, the trial court granted summary judgment in favor of Mary and Anthony, finding that Texas Mutual suspended benefits prematurely. Texas Mutual appealed that decision in our cause number 08–15–00075–CV.

### The Bad Faith Claims in the Negligence Suit (Cause No. 2001–3437)

In response to the suspension of benefits, Maria and Anthony also amended their pleadings in 2004 in the Hansen negligence suit (cause number 2001–3437) to assert bad faith claims against Texas Mutual. This original proceeding pertains to those claims as amended in subsequent pleadings.

Consistent with the arguments raised in the administrative proceeding, Maria and Anthony alleged in their third and fourth amended pleadings that Texas Mutual prematurely suspended workers' compensation benefits because the settlement had not yet been funded. They asserted that Intervenor Texas Mutual breached its duty of good faith and fair dealing and engaged in unfair practices by wrongfully terminating their weekly death benefits. More specifically, they alleged that Texas Mutual (1) denied a claim without a reasonable basis, (2) delayed payment of a claim without a reasonable basis for such delay, (3) refused to pay a claim without conducting a reasonable investigation, and (4) compelled beneficiaries and claimants covered by the policy of insurance to institute suits to recover amounts due under the policy by offering nothing or substantially less than the amounts ultimately recovered.

In August of 2013, Texas Mutual filed a summary judgment motion asserting that the bad faith claims should be dismissed because the DWC had exclusive jurisdiction of them. It cited the Supreme Court's decisions in *Texas Mutual Insurance Company v. Ruttiger*, 381 S.W.3d 430 (Tex.2012) and *Texas Mutual Insurance Company v. Morris*, 383 S.W.3d 146 (Tex. 2012) in support. Maria and Anthony responded by filing their first supplemental petition (filed November 7, 2013) which alleged that Texas Mutual breached its duty of good faith and fair dealing by (1) terminating, suspending, and/or reducing benefits, (2) failing to initiate or reinstate benefits when due when a legitimate dispute did not exist as to its liability and obligation to pay benefits, (3) misrepresenting the reason for not paying benefits or terminating or reducing the payment of benefits, (4) failing or refusing to pay benefits from week to week as and when due directly to the person entitled to the benefits and (5) refusing to pay and/or reinstate a claim without conducting a reasonable investigation with respect to the claim.

Additionally, the first supplemental petition alleged that Texas Mutual violated the Insurance Code and engaged in unfair settlement practices by: (1) misrepresenting

a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of (A) a claim with respect to which the insurer's liability has become reasonably clear; or (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage; (3) failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the plaintiffs' claim or offer of a compromise settlement of the claim; (4) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; (5) delaying, denying, suspending, and/or terminating payment of a claim without a reasonable or legal basis for such delay, denial, suspension, and/or termination; (6) compelling beneficiaries and claimants covered by the policy of insurance to institute suits to recover amounts due under the policy by offering nothing or substantially less than the amounts ultimately recovered.

The trial court granted Texas Mutual's special exceptions to this supplemental petition, striking Maria and Anthony's claims for breach of the common-law and statutory duty of good faith and fair dealing, violations of Sections 541.060 and 542.003 of the Insurance Code, statutory fraud, violations of Section 410.208 of the Labor Code, violation of the Texas Debt Collection Act, and violation of Section 541.061 of the Insurance Code. The court also ordered Maria and Anthony to re-plead their claims for common law fraud, negligent misrepresentation, and economic duress.

Maria and Anthony filed their second supplemental petition alleging that Texas Mutual breached its duty of good faith and fair dealing by terminating, suspending, and/or reducing benefits and by misrepresenting the reason for not paying benefits. They also reasserted their claim that Texas Mutual violated Sections 541.060, 541.061, and 542.003 of the Insurance Code by misrepresenting a material fact or policy provision relating to coverage. The second supplemental petition also includes claims for common law fraud, negligent misrepresentation, and economic duress. All of the claims included in the second supplemental petition arise from Texas Mutual's assertion of its subrogation interest and the suspension of benefits.

The trial court abated cause number 2001–3437 until the judicial review suit was resolved in March of 2015. On April 21, 2015, Texas Mutual filed a motion to dismiss all of the plaintiff claims based on the Supreme Court's decisions in *Texas Mutual Insurance Company v. Ruttiger*, 381 S.W.3d 430 (Tex.2012), *Texas Mutual Insurance Company v. Morris*, 383 S.W.3d 146 (Tex.2012), and *In re Crawford & Company*, 458 S.W.3d 920 (Tex.2015). Maria and Anthony did not file a response prior to the August 14, 2015 hearing, but they argued for the first time at the hearing that Texas Mutual had misrepresented its right of subrogation since it had waived its subrogation rights in a policy attachment called an "Alternate Employer Endorsement."

On September 1, 2015, Maria and Anthony filed a supplemental pleading which added the following allegation:

TMIC falsely represented that it had no waiver of subrogation provision in this workers' compensation policy of insurance on February 9, 2004, when in fact it did. TMIC fraudulently concealed the policy provision from Plaintiffs until November 2014 (though specially requested since January 2004) otherwise Plaintiffs would have denied payment or brought

suit earlier. Defendant obtained $75,985.13 under false pretenses.

On September 17, 2015, the trial court entered an order denying Texas Mutual's motion to dismiss. The order sets forth the following bases for the ruling:

(1) Texas Mutual did not disclose the alternate employer endorsement to the workers' compensation policy and misrepresented to the trial court and the plaintiffs that it was entitled to subrogation;

(2) the case does not involve the handling, investigation or payment of workers' compensation benefits because the substance of the case is a "collection case" and a claim for reimbursement brought by Texas Mutual;

(3) Texas Mutual is estopped from asserting that the court lacks jurisdiction over the Plaintiffs' bad faith claims because it intervened in the suit to assert a subrogation interest;

(4) jurisdiction in the trial court is proper because the DWC does not have jurisdiction to afford a private remedy to Plaintiffs for Texas Mutual's taking of monies, should it be found that Texas Mutual Insurance Company's subrogation claims fail in whole or in part. Texas Mutual filed its mandamus petition to challenge the denial of its motion to dismiss.

### MANDAMUS STANDARD

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court committed a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Frank Kent Motor Company*, 361 S.W.3d 628, 630 (Tex.2012) (orig.proceeding); *In re Prudential Insurance Compa-*

*ny of America*, 148 S.W.3d 124, 135–36 (Tex.2004). A trial court abuses its discretion when it issues an order it has no power to render or when it acts arbitrarily, capriciously, and without reference to guiding principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999); *In re Mid–Century Insurance Company of Texas*, 426 S.W.3d 169, 178 (Tex.App.–Houston [1st Dist.] 2012, orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Consequently, an abuse of discretion occurs if a trial court clearly fails to correctly analyze or apply the law. *In re Olshan Foundation Repair Co., LLC*, 328 S.W.3d 883, 888 (Tex.2010).

Mandamus review is generally unavailable to challenge incidental district court rulings, such as the denial of a plea to the jurisdiction, because there is an adequate remedy by appeal. *Walker*, 827 S.W.2d at 839. An exception to the general rule exists when a trial court denies a plea to the jurisdiction or motion to dismiss based on a state agency's exclusive jurisdiction. *In re Entergy Corp.*, 142 S.W.3d 316, 321 (Tex.2004). The rationale for this exception is that mandamus review is necessary to prevent a disruption of the orderly processes of government. *In re Entergy*, 142 S.W.3d at 321; *In re Mid–Century Insurance*, 426 S.W.3d at 178.

### EXCLUSIVE JURISDICTION

In a single issue, Texas Mutual argues that the DWC has exclusive jurisdiction of all of the plaintiffs' claims and the Workers' Compensation Act provides their exclusive remedies. The Legislature has granted the DWC exclusive jurisdiction over claims for workers' compensation policy benefits, which include medical, income, death, and burial benefits. *See* TEX. LAB. CODE ANN. § 401.011(5)(West 2015);

*American Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801, 803 (Tex.2001). In a series of cases, the Texas Supreme Court held that the Workers' Compensation Act provides the exclusive procedures and remedies for claims alleging that a workers' compensation carrier has improperly investigated, handled or settled a workers' compensation claim for benefits. *See In re Crawford & Company,* 458 S.W.3d 920, 925–26 (Tex.2015); *Morris,* 383 S.W.3d at 149–50; *Ruttiger,* 381 S.W.3d at 443–45. Consequently, the DWC has exclusive jurisdiction over any cause of action or claim which arises from the investigation, handing, or settlement of a workers' compensation claim. *See In re Crawford,* 458 S.W.3d at 925–26; *Ruttiger,* 381 S.W.3d at 443–45.

■ The question before us is whether the Act provides the exclusive process and remedies for the causes of action asserted against Texas Mutual. In deciding whether a cause of action falls within the exclusive jurisdiction of the DWC, we are required to look at the substance of the claim rather than the label assigned to it by the plaintiffs. *In re Crawford,* 458 S.W.3d at 926.

### The Claims Pending Against Texas Mutual

Maria and Anthony asserted numerous causes of action against Texas Mutual related to the suspension of death benefits. The trial court granted Texas Mutual's special exceptions to the plaintiffs' first supplemental petition and struck the causes of action for breach of the common-law and statutory duty of good faith and fair dealing, violations of Sections 541.060 and 542.003 of the Insurance Code, statutory fraud, violations of Section 410.208 of the Labor Code, violation of the Texas Debt Collection Act, and violation of Section 541.061 of the Insurance Code. Further, the court ordered Maria and Anthony to re-plead their claims for common law fraud, negligent misrepresentation, and economic duress. Maria and Anthony complied with the trial court's directive to re-plead those claims, but they also reasserted the stricken claims. After the hearing on Texas Mutual's motion to dismiss, the plaintiffs added an additional claim that Texas Mutual falsely represented that it had a right of subrogation. We conclude that the only claims remaining are common law fraud, negligent misrepresentation, and economic duress claims included in the second supplemental petition, and the policy misrepresentation claim added by the supplemental petition filed on September 1, 2015.

### Common Law Fraud, Negligent Misrepresentation, and Economic Duress

The second supplemental petition includes claims for common law fraud, negligent misrepresentation, and economic duress based on the allegation that Texas Mutual prematurely suspended payment of death benefits. The DWC has exclusive jurisdiction of these claims because they arise from Texas Mutual's investigation, handling, or settlement of the claim for workers' compensation benefits. *See In re Crawford,* 458 S.W.3d at 926 (holding that the Act provides the exclusive procedures and remedies for common law causes of action based on allegations of deception, fraud, and misrepresentation).

### Misrepresentation of the Policy

In a supplemental petition filed on September 1, 2015, Maria and Anthony alleged that:

> TMIC falsely represented that it had no waiver of subrogation provision in this workers' compensation policy of insurance on February 9, 2004, when in fact it

did. TMIC fraudulently concealed the policy provision from Plaintiffs until November 2014 (though specially requested since January 2004) otherwise Plaintiffs would have denied payment or brought suit earlier. Defendant obtained $75,985.13 under false pretenses.

In the order denying Texas Mutual's motion to dismiss, the trial court focused exclusively upon these factual allegations.

The trial court's order first stated that Texas Mutual did not disclose the alternate employer endorsement to the workers' compensation policy and it misrepresented to the trial court and the plaintiffs that it was entitled to subrogation. This amounts to a fact-finding on the merits of Maria and Anthony's claims based on these allegations. The only question before the trial court is whether the claims fall within the exclusive jurisdiction of the DWC. In that regard, the trial court concluded that the case does not involve the handling, investigation or payment of workers' compensation benefits because the substance of the case is a "collection case" and a claim for reimbursement brought by Texas Mutual. The trial court incorrectly focused on Texas Mutual's assertion of its subrogation interest when it should have examined the substance of Maria and Anthony's claims.

█  The trial court next concluded that Texas Mutual is "estopped" from raising its jurisdictional challenge because it intervened in the suit to assert a subrogation interest. In effect, the trial court ruled that Texas Mutual, by filing its petition in intervention, waived its right to complain that the DWC has exclusive jurisdiction of the plaintiffs' claims. This conclusion runs afoul of the well-established rule that subject matter jurisdiction cannot be waived or conferred by agreement. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 103 (Tex.2012). The doctrine of estoppel cannot create subject matter jurisdiction where it does not exist. *See In re Crawford*, 458 S.W.3d at 928 n. 7 (rejecting argument that the carrier waived or was estopped from asserting that the Act barred the malicious prosecution cause of action because subject matter jurisdiction cannot be waived or created where it does not exist).

█  Finally, the trial court determined that the Workers' Compensation Act does not afford a private remedy to the plaintiff in the event that Texas Mutual's subrogation claims fail in whole or in part. The issue is not whether the Act affords a "private remedy" but whether a particular claim arises from the investigation, handling, or settling of a claim for benefits. *Crawford* makes clear that the DWC's exclusive jurisdiction extends to a claim that a carrier misrepresented an insurance policy when the alleged misrepresentation occurs within the claims-settlement context. *In re Crawford*, 485 S.W.3d at 927. As the Supreme Court observed in *Crawford*, "[t]he Act's comprehensive system for resolving workers' compensation claims encompasses prohibitions against fraud and misrepresentations made within the claims-settlement context, and grants the Division authority to regulate and sanction any such conduct." *In re Crawford*, 458 S.W.3d at 927. Plaintiffs' claim that Texas Mutual misrepresented the policy as it pertains to its right of subrogation is barred by the Act because the claim is necessarily based on Texas Mutual's investigation, handling, or settling of the benefit claims. *See In re Crawford*, 458 S.W.3d at 926–27 (holding that the DWC has exclusive jurisdiction over a claim for misrepresentation of an insurance policy when the misrepresentation occurs within the claim-settlement process; also holding that the plaintiffs' claims for malicious prosecution and intentional infliction of emotional dis-

tress arose out of the carrier's investigation, handling, and settling of a workers' compensation claim); *Ruttiger*, 381 S.W.3d at 443–45 (holding that the Act barred the plaintiffs' claims for violation of Sections 541.060 and 542.003 because those claims are necessarily based on the investigation and settlement of benefit claims). The trial court abused its discretion by not dismissing the misrepresentation claim. The sole issue presented by Texas Mutual is sustained.

We conditionally grant the writ of mandamus and direct the judge of the 34th District Court to withdraw its order denying Texas Mutual's motion to dismiss and dismiss all of the plaintiffs' claims for lack of subject-matter jurisdiction. The writ will issue only if the court fails to act in accordance with this opinion.