COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

§

IN RE: CONGREGATION B'NAI ZION OF
EL PASO

§

§

§

No. 08-21-00211-CV

AN ORIGINAL PROCEEDING IN

MANDAMUS

**O P I N I O N**

Relator Congregation B'Nai Zion of El Paso petitions the Court for a writ of mandamus ordering the trial court to grant its plea to the jurisdiction based on the ecclesiastical abstention doctrine and the ministerial exception. We partially grant Relator's petition.

## I. BACKGROUND

Relator employed real-party-in-interest Debra Pazos as its executive director for approximately three years. Relator fired her on September 2, 2020.

According to her petition, in mid-October, Relator's president, Edward Dubowitz, sent a letter to Relator's entire mailing list, "which includes current and former members, numbering about 300 persons, explaining the termination." Relator admits it sent the letter, but disputes the letter was sent to its entire mailing list. It claims it only sent the letter to the "Congregation's mailing list of voting members[.]" In the letter, Dubowitz indicated—without mentioning Pazos

by name—that her termination had "resulted in questionable accusations, very public discussions and actions causing dissension which are detrimental to our congregation." He continued that it was "time for transparency in our congregation" which he said was "best achieved with respect, honesty, and forthcoming information about [Relator's] finances, needs, and potential decisions for our future being communicated openly and ethically." Dubowitz then informed the recipients of the letter about the process Relator used to fire Pazos:

> The recent personnel decision was made objectively, consciously, and in accordance with our bylaws. We, as a board, have been entrusted with the responsibility of looking out for the best interest of our synagogue, congregants, and staff as a whole. In the interest of transparency, this decision was taken after considerable efforts with due diligence, with the guidance of legal counsel, and passed by a vote of 11 to 1.

In the next paragraph he described how Relator's finances would be scrutinized going forward:

> At the suggestion of a long standing active member, and as a result of additional discoveries, the board unanimously approved a full independent third party audit which will be conducted by year's end. Also, now in place is a policy providing for an annual financial review and an independent third party audit every fourth year.

Pazos filed a lawsuit against Relator claiming that Dubowitz's letter defamed her by indicating she "had committed some unspecified financial impropriety." In addition to economic harm, Pazos claimed the alleged defamation interfered with her relationship with the rest of Relator's congregation.

Relator filed a plea to the jurisdiction and motion to dismiss arguing Pazos's "claims are barred by the Ecclesiastical Abstention Doctrine [and] the Ministerial Exception." Bolstered by Dubowitz's sworn affidavit, Relator asserted that its internal bylaws required that it inform the congregation of its termination of Pazos because "*the Congregation employed* [Pazos]." It claimed the President had a duty to "inform the very body (the Congregation) that empowers the Board [of Directors] to hire and fire" Pazos. It also claimed Dubowitz felt that religious text compelled him

2

to openly communicate with the congregation about Pazos's departure. As a result, according to Relator, Dubowitz's letter is intertwined with matters of the Jewish faith and internal synagogue governance, which the ecclesiastical abstention doctrine precludes courts from meddling in. So it requested that Pazos's defamation claim be dismissed.

Relator also claimed that the ministerial exception bars Pazos's defamation claim. Laying out Pazos's job duties as executive director, Relator argued that although she was not clergy, she served the spiritual and pastoral mission of the synagogue and could be considered a minister for purposes of the ministerial exception. Because she was a minister, Relator argues, Pazos's defamation claim must be dismissed.[1]

Pazos responded to Relator's plea to the jurisdiction by arguing that the ecclesiastical abstention doctrine "protects church governance, not office management." She argued that every case Relator cited in support of its plea "involve clergy or ministers" on one or both sides of the dispute. And, supported by her own sworn declaration, Pazos disputes Relator's description of the job duties of executive director. She claims nothing in the job description "involves spiritual guidance or doctrinal concerns" and that the executive director is "essentially an office manager[.]"

On the same day she filed her response to Relator's plea, Pazos also filed a motion to continue Relator's plea to the jurisdiction until discovery is completed. She specified four areas in which she needed to conduct discovery to respond to the plea to the jurisdiction: (1) the job duties of the executive director; (2) who Relator sent Dubowitz's letter to; (3) the religious obligation that compelled Dubowitz to inform the congregation of Pazos's termination; and (4) other instances in which Relator has informed the congregation of employee terminations.

---

[1] Relator also asserted a motion to dismiss under Texas Rule of Civil Procedure 91a on the basis that Dubowitz's letter was not defamatory and were privileged. The motion to dismiss is not part of Relator's petition to this Court, so it will not be considered.

In a hearing on Relator's plea to the jurisdiction and Pazos's motion to continue, the trial court indicated it would allow the parties to conduct discovery targeted at the jurisdictional issue: "I'm just simply telling you that I think you need some discovery—that's what I think—discovery on issues that are pertinent to the plea to the jurisdiction." As a result, the trial court issued an order continuing Relator's plea to the jurisdiction. However, in its written order the trial court allowed the parties to conduct broad discovery on the merits of the case: "ORDERED that the Defendant's Plea and Motion to Dismiss be continued until the parties have completed discovery on Plaintiff's claim and Defendant's defenses."

This petition for a writ of mandamus followed.

## II. ISSUES ON APPEAL

Relator presents two issues in its petition. First, it asserts the trial court should have granted its plea to the jurisdiction because Pazo's defamation claim is barred by the ecclesiastical abstention doctrine and the ministerial exception. Second, Relator claims the trial court erred by allowing discovery before ruling on the plea to the jurisdiction.

We consider each issue in turn.

## III. MANDAMUS STANDARD

Mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where relator does not have an adequate remedy on appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam). "The mere fact that a trial judge may decide a matter within his discretionary authority in a

4

different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The realtor has the burden of showing it is entitled to mandamus relief. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam).

"Mandamus review is generally unavailable to challenge incidental district court rulings, such as the denial of a plea to the jurisdiction, because there is an adequate remedy by appeal." *In re Tex. Mutual Ins. Co.*, 510 S.W.3d 552, 556 (Tex. App.—El Paso 2016, orig. proceeding). However, if the action implicates First Amendment concerns, the remedy of appeal may be inadequate. *In re Roman Catholic Diocese of El Paso*, 626 S.W.3d 36, 41 (Tex. App.—El Paso 2021, orig. proceeding). And we have granted mandamus relief in situations where a trial court denies a plea to the jurisdiction after failing to analyze or apply the ecclesiastical abstention doctrine correctly. *Id.* at 48–50.

## IV.  DISCUSSION

### A.  Plea to the Jurisdiction

In its first issue, Relator requests that we issue mandamus requiring the trial court to grant its plea to the jurisdiction. Specifically, it argues that litigating Pazos's defamation claim would require the trial court to interpret Relator's internal rules and policies and second-guess Relator and Dubowitz's religious beliefs contrary to the ecclesiastical abstention doctrine. It also claims that the ministerial exception applies to bar Pazos's defamation claim.

Indeed, Texas courts recognize the ecclesiastical abstention doctrine, arising from the First and Fourteenth Amendments to the United State Constitution, which prohibits civil courts from inquiring into matters concerning "theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of

them[.]" *Id.* at 42 (quoting *Serbian E. Orthodox Diocese for U.S. of Am. and Canada v. Milivojevich*, 426 U.S. 696, 713–14 (1976)). And the ministerial exception—a subset of the ecclesiastical abstention doctrine—requires courts "to stay out of employment disputes involving those holding certain important positions with churches and other religious institutions." *In re Roman Catholic Diocese of El Paso*, 626 S.W.3d at 43 n.2 (quoting *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S.Ct. 2049, 2055 (2020)).

In this case, however, the trial court has not yet decided on whether the ecclesiastical abstention doctrine or the ministerial exception apply. Rather than ruling, the trial court continued the plea pending the parties' completion of discovery. Still, Relator is asking the Court to find that both the ecclesiastical abstention doctrine and the ministerial exception apply and to order the trial court to grant its plea to the jurisdiction. But mandamus is meant to correct a clear abuse of discretion for a trial court's errant ruling, not a means for obtaining an advisory opinion. *In re Hullaby*, No. 08-22-00081-CV, 2022 WL 2333485, at *1 (Tex. App.—El Paso June 28, 2022, orig. proceeding) (mem. op.). As a result, "[w]here the jurisdictional issue has not been ruled on, it is premature to seek mandamus relief from such an order." *Diocese of Galveston-Houston v. Stone*, 892 S.W.2d 169, 173 (Tex. App.—Houston [14th Dist.] 1994, no pet.). Because the mandamus record does not show that the trial court has ruled on Relator's jurisdictional plea, we conclude this petition for mandamus is premature. Consequently, we deny Relator's petition in relation to its first issue.

### B. Discovery

In its second issue, Relator argues the trial court erred by permitting discovery prior to ruling on its plea to the jurisdiction. Specifically, it argues the trial court had sufficient information

6

in the form of Pazos's petition and declaration and Dubowitz's affidavit to rule on the plea to the jurisdiction. We disagree that the trial court clearly abused its discretion by allowing discovery.

A plea to the jurisdiction can be presented as either an attack on the sufficiency of the pleadings, or as an evidentiary attack on the existence of jurisdictional facts. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). When a party challenges the pleadings, courts determine if the pleader has met its burden of pleading facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Id.* at 226. However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, courts must consider relevant evidence submitted by the parties when necessary to resolve the issue. *Id.* at 227. In such situations, "the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case . . . ." *Id.* As a result, we have previously denied mandamus relief in situations in which the trial court deferred ruling on a plea to the jurisdiction for a reasonable period of time in order to permit targeted discovery related to the jurisdictional issue. *In re Texas Parks & Wildlife Dep't*, 483 S.W.3d 795, 797 (Tex. App.—El Paso 2016, orig. proceeding); *see also Stone*, 892 S.W.2d at 174 ("Thus, we believe that the trial court did not abuse its discretion in taking steps to clarify the factual context of the Diocese's jurisdictional challenge and that the mandamus at this stage of the proceeding is premature.").

Relator challenged the existence of jurisdictional facts. It supports its plea to the jurisdiction with Dubowitz's affidavit, which outlines Relator's structure and bylaws and Pazos's job duties while she was the executive director. Dubowitz also indicates in his affidavit that he felt scripture and the tenets of conservative Judaism required him to inform the congregation of major issues impacting the synagogue. Relator argues this information should have been sufficient to allow the trial court to rule on its plea to the jurisdiction. Pazos, however, submitted a declaration

in response that contradicts much of what Dubowitz asserted in his affidavit. Consequently, the trial court could have determined there was an issue of fact that needed to be resolved before it could rule on Relator's plea to the jurisdiction. And based on the undeveloped nature of the mandamus record before us, we cannot find that the trial court clearly abused its discretion in ordering such discovery.

It is, however, a "fundamental precept that a court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided." *Miranda*, 133 S.W.3d at 228. As a result, while a trial court has the discretion to await a fuller development of the case before ruling on a plea to the jurisdiction, the jurisdictional determination "must be made as soon as practicable." *Id.* at 227. Consequently, some discovery targeted at the jurisdictional issue is appropriate when an evidence-based jurisdiction challenge is asserted. *Stone*, 892 S.W.2d at 178 (stating that "discovery limited to ascertaining facts related to the jurisdictional plea" was appropriate); *In re Hoa Hao Buddhist Congregational Church Tex. Chapter*, No. 01-14-00059-CV, 2014 WL 7335188, at *5 (Tex. App.—Houston [1st Dist.] Dec. 23, 2014, orig. proceeding) (mem. op.).

Here, the trial court indicated during the hearing on the plea to the jurisdiction that it thought "discovery on issues that are pertinent to the plea to the jurisdiction" was needed. This was appropriate. But its written order allowed broad discovery "on Plaintiff's claim and Defendant's defenses" before it would reconsider the plea to the jurisdiction. This was a clear abuse of its discretion. *Hoa Hao Buddhist*, 2014 WL 7335188, at *5–6 ("We conclude that the trial court abused its discretion in requiring relators to comply fully with Huynh's discovery demands before determining the jurisdiction question raised in relators' motion for protective order and plea to the jurisdiction."). Accordingly, we partially grant Relator's petition in relation to its second issue.

## V. CONCLUSION

Accordingly, we grant Relator's petition for a writ of mandamus in part, and direct the trial court to vacate the portion of its order continuing Relator's plea to the jurisdiction allowing broad discovery "on Plaintiff's claim and Defendant's defenses" before it would reconsider the plea to the jurisdiction. We will leave it to the discretion of the trial court to determine which issues pertinent to the plea to the jurisdiction it believes discovery is needed on before it can make a jurisdictional ruling. The writ will only issue if the trial court does not comply with this opinion.

GINA M. PALAFOX, Justice

September 20, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

9